IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30547-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ALFRED GALINDO JR., | ) | |
| | ) | |
| Appellant. | ) | |

KORSMO, C.J. — The trial court denied Alfred Galindo's request for an exceptional sentence. He has not identified any failures by the trial court that would justify review of his standard range sentence, so we affirm.

FACTS

This is the second appeal brought by Mr. Galindo following his convictions on three counts of first degree assault. In the first appeal, we described the incident:

> This case arises from a practical joke gone horribly wrong. Mr. Galindo received text messages and telephone calls from his girl friend, Kimberly Brown, and her friends, indicating that Ms. Brown had been kidnapped by people to whom Mr. Galindo owed money. Mr. Galindo, driving a large sports utility vehicle (SUV), went looking for Ms. Brown and her alleged captors.

He circled a Safeway parking lot. His driving scared the three occupants of a small compact car—two bible students and a woman they were counseling. The car drove off at the approach of the SUV and Mr. Galindo pursued it in the apparent belief that it might contain Ms. Brown. He repeatedly rammed the vehicle in the rear and also pointed a realistic-looking toy gun out the window and yelled at the driver to stop. The car eventually evaded Mr. Galindo.

Several people, including the driver of the victimized car, identified Mr. Galindo in a photo montage. Mr. Galindo was charged with three counts of first degree assault. He testified at trial that he had been the driver who rammed the car, but did not intend to hurt anyone because he was trying to save his girl friend.

*State v. Galindo*, noted at 160 Wn. App. 1033, slip op. at 1-2 (2011).

Although the defense argued for fourth degree assault verdicts, the jury found Mr. Galindo guilty on three charges of first degree assault. *Id.* at 2. The trial court imposed an exceptional sentence based on Mr. Galindo's chemical dependency and the fact that the three victims were injured by a single violent act, but did not file written findings of fact. *Id.* at 2-3. This court reversed the exceptional sentence, finding that the record did not support the stated bases. *Id.* at 9-13. We suggested that the exceptional sentence might have been justified based on the harm to the victims being less egregious than typical, but the lack of findings left us unclear on the trial court's rationale. The court was free to consider an exceptional sentence on remand. *Id.* at 13.

At the resentencing, Mr. Galindo urged an exceptional sentence on the basis suggested by our previous opinion that the victims had suffered less injury than typical for the offense. The trial court disagreed with that rationale and stated that its original

2

exceptional sentence had been based on the multiple offense policy, an argument this court rejected in the first appeal. The trial court did not believe that the injury to the victims was less egregious than typical. The court imposed a standard range sentence of 324 months, consisting of three consecutive low-end sentences in accordance with the sentencing requirements for multiple serious violent offenses. *See* RCW 9.94A.589(1)(b).

Mr. Galindo again appealed to this court.

## ANALYSIS

Mr. Galindo argues that the court erred by not imposing an exceptional sentence. We disagree.

An exceptional sentence may be imposed if the trial court finds "substantial and compelling" reasons to go outside the standard range. RCW 9.94A.535. However, the general rule is that a standard range sentence cannot be appealed. *State v. Friederich-Tibbets*, 123 Wn.2d 250, 252, 866 P.2d 1257 (1994). A standard range sentence can only be challenged on the basis that the court refused to exercise discretion or relied on an improper basis for declining to consider the request. *State v. Garcia-Martinez*, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997). In such circumstances, it is the court's refusal to exercise discretion that is appealable rather than the sentence itself. *Id.* "Conversely, a trial court that has considered the facts and has concluded that there is no basis for an

3

exceptional sentence has exercised its discretion, and the defendant may not appeal that ruling." *Id.*

This case finds itself in that same situation. The trial court considered the basis for an exceptional sentence suggested by this court and urged by Mr. Galindo—comparative lack of harm to the victims—and declined to find that was the situation. That determination is the end of the story. The trial court considered the factual circumstances and determined that the case was not an atypical first degree assault case. The court exercised its discretion and decided that a low-end standard range sentence was appropriate. There simply is no basis for appeal. *Id.*

Mr. Galindo also urges that the trial court overlooked the "failed defenses" mitigating factor. RCW 9.94A.535(1)(c)-(e); *State v. Jeannotte*, 133 Wn.2d 847, 851-52, 947 P.2d 1192 (1997). That argument fails for two reasons. First, Mr. Galindo has never argued—at either sentencing hearing—that the mitigating factor applied to this case. A trial judge cannot abuse discretion she was not asked to exercise. Second, the veteran trial judge has twice canvassed the record without citing this argument as a potential basis for imposing an exceptional sentence. Given the circumstances, the trial court apparently did not believe this factor—which is applied in the context of the defendant's diminished ability to conform to the law—was implicated in this case. We agree with that apparent assessment. A mistaken view of the facts is not an inability to conform to the law.

4

The trial court was aware of its discretionary authority and declined to grant an exceptional sentence at the resentencing. There was no error.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____
Brown, J.

_____
Kulik, J.