# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  47319-4-II |
| Respondent, | |
| v. | |
| LYNN GILBERT SOUTHMAYD, JR. | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Lynn Southmayd Jr. appeals his convictions and sentence for one count of residential burglary and one count of felony violation of a no contact order, under RCW 9A.52.025(1) and former RCW 26.50.110(5) (2013), respectively.  Southmayd argues that his defense counsel rendered ineffective assistance by failing to either stipulate to Southmayd's prior convictions or request a bifurcated trial, and that the sentencing court abused its discretion by failing to consider an exceptional sentence downward based on the mitigating factor that the victim was a willing participant in the offense.  We reject Southmayd's arguments that his counsel was ineffective, but we hold that the sentencing court abused its discretion by failing to consider an exceptional sentence downward based on the victim's willing participation in the offense.  Consequently, we affirm Southmayd's convictions but remand for resentencing.

FACTS

Henrietta Southmayd is Southmayd's mother. On February 21, 2014, Henrietta[1] obtained a no contact order against Southmayd in Thurston County with an expiration date of February 20, 2016, prohibiting her son from having any contact with her.

On October 13, 2014, police officers were dispatched to Henrietta's apartment in response to a report of a no contact order violation. When the officers arrived, Henrietta agreed to let them into her apartment and informed them that her son was not in the apartment. Henrietta asked the officers to stay out of the bathroom because she needed to use it. When Henrietta opened the door of the bathroom, officers saw a man through the hinge-side gap in the bathroom door. The officers subsequently identified the man as Southmayd, and verified the existence of the no contact order between Southmayd and Henrietta.

The State charged Southmayd with one count of residential burglary and one count of felony violation of a no contact order. At trial the State admitted exhibits of two prior judgment and sentences to prove that Southmayd had been convicted of violation of a no contact order two other times. Henrietta testified that she allowed Southmayd at her apartment because she was worried about him because he was homeless. The jury found Southmayd guilty of both counts.

Prior to sentencing, Southmayd submitted a memorandum in support of his request for an exceptional sentence downward based in part on the statutorily enumerated mitigating factor that the victim in the offense was a willing participant pursuant to RCW 9.94A.535(1)(a). At the

---

[1] Because Henrietta Southmayd and Lynn Southmayd, Jr. share the same last name, we refer to Henrietta by her first name for clarity. We intend no disrespect.

sentencing hearing, Southmayd renewed his request, specifically emphasizing Henrietta's willing participation in the offense. Southmayd urged the sentencing court to sentence Southmayd to 12 months in jail so that he could access treatment and services for his addiction and mental illness that would otherwise be unavailable in the Department of Corrections. The court addressed Southmayd's request for an exceptional sentence downward, but it focused exclusively on Southmayd's argument that he would benefit from access to treatment and services if sentenced to 12 months in jail. The sentencing court noted the State's lack of resources and the large disparity between the standard range sentence and Southmayd's requested 12-month sentence. The sentencing court never mentioned Southmayd's mother's willing participation in the offense or RCW 9.94A.535(1)(a). The court sentenced Southmayd to a standard range sentence of 73 months for residential burglary and 60 months for violation the no contact order to run concurrently.

ANALYSIS

I. INEFFECTIVE ASSISTANCE OF COUNSEL

Southmayd argues that his counsel rendered ineffective assistance by failing either to stipulate to his prior convictions or move for a bifurcated trial in order to avoid presenting evidence of his prior convictions to the jury. We disagree.

To show ineffective assistance of counsel, a defendant must show that defense counsel's conduct was deficient, and that the deficient performance resulted in prejudice. *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004); *see also Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To show deficient performance,

3

Southmayd must show that defense counsel's performance fell below an objective standard of reasonableness. *Reichenbach*, 153 Wn.2d at 130. To show prejudice, Southmayd must show a reasonable possibility that, but for counsel's purportedly deficient conduct, the outcome of the proceeding would have differed. 153 Wn.2d at 130. If Southmayd fails to establish either prong of the ineffective assistance of counsel test, his claim fails. *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726 (2007). We review ineffective assistance of counsel claims de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

Assuming that defense counsel should have requested a stipulation or a bifurcation, Southmayd cannot establish prejudice. *Reichenbach*, 153 Wn.2d at 130. Evidence of his guilt was overwhelming.

Police officers located Southmayd in Henrietta's bathroom, in clear violation of the no contact order. And Henrietta testified that she allowed Southmayd at her apartment because she was worried about him. Also, the jury would have been informed of Southmayd's prior convictions even if his counsel stipulated to their existence. Moreover, bifurcated trials are not favored, and Southmayd has not shown that the trial court would have granted his motion to bifurcate. *State v. Monschke*, 133 Wn. App. 313, 334-35, 135 P.3d 966 (2006); *see also State v. Roswell*, 165 Wn.2d 186, 197, 196 P.3d 705 (2008) (Where a prior conviction is an element of the crime charged, evidence of its existence will never be irrelevant, and the decision not to bifurcate is within the trial court's discretion.). Because the evidence was overwhelming and because Southmayd cannot show that the trial court would have granted a motion to bifurcate, Southmayd has not established prejudice. Thus, Southmayd's argument fails.

## II. EXCEPTIONAL SENTENCE DOWNWARD

Southmayd also argues that the sentencing court abused its discretion by failing to consider an exceptional sentence downward specifically based on the mitigating factor that the victim was a willing participant in the offense. We agree.

Generally, the sentencing court must impose a sentence within the standard sentencing range under the Sentencing Reform Act.[2] *State v. Graham*, 181 Wn.2d 878, 882, 337 P.3d 319 (2014). However, the sentencing court may exercise its discretion by imposing a sentence below the standard range if "substantial and compelling reasons" justify an exceptional sentence. RCW 9.94A.535. The sentencing court must find that mitigating circumstances justifying a sentence below the standard range are established by a preponderance of the evidence. RCW 9.94A.535(1). One of the possible factors that a sentencing court may use to justify an exceptional downward sentence is if "[t]o a significant degree, the victim was [a] . . . willing participant." RCW 9.94A.535(1)(a).

A standard range sentence is generally not appealable. RCW 9.94A.585(1); *State v. Friederich-Tibbets*, 123 Wn.2d 250, 252, 866 P.2d 1257 (1994). Appellate review of the sentencing court's denial of a request for an exceptional sentence below the standard range is limited to circumstances where the sentencing court refuses to exercise its discretion at all, or relies on an impermissible basis for refusing to impose an exceptional sentence. *State v. Garcia-Martinez*, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997), *review denied*, 136 Wn.2d 1002 (1998). "While no defendant is entitled to an exceptional sentence below the standard range, every

---

[2] Chapter 9.94A RCW.

defendant is entitled to ask the trial court to consider such a sentence and to have the alternative actually considered." *State v. Grayson*, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005). The sentencing court's failure to consider an exceptional sentence authorized by statute is reversible error. 154 Wn.2d at 342.

Here, the sentencing court failed to actually consider the statutorily enumerated mitigating factor offered by Southmayd that the victim of the crime, Southmayd's mother, was a willing participant in the crime. In denying Southmayd's request for a downward sentence, the trial court focused exclusively on the length of Southmayd's proposed sentence and his argument that such a sentence length would allow him to access treatment options. The court engaged in a detailed colloquy addressing the issue of treatment resources and the disparity in length between the proposed sentence length and the standard sentence range, but never mentioned the willing participation of Southmayd's mother.

The sentencing court's colloquy at sentencing shows that it failed to meaningfully consider that Southmayd had provided a valid mitigating factor to the court. This failure to exercise discretion is itself an abuse of discretion subject to reversal. *State v. O'Dell*, 183 Wn.2d 680, 697, 358 P.3d 359 (2015); *see also Grayson*, 154 Wn.2d at 342. The sentencing court was not obligated to grant Southmayd's request for an exceptional sentence downward, but failing to actually consider the mitigating factor that Southmayd's mother was a willing participant in the offense at all was an abuse of discretion. *Grayson*, 154 Wn.2d at 342. Therefore, we remand for resentencing.

In conclusion, we hold that Southmayd has failed to show that defense counsel was ineffective, but that the sentencing court abused its discretion by failing to consider Henrietta's willing participation in Southmayd's offense. Accordingly, we affirm Southmayd's convictions but remand for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Bjorgen, C.J.

_____
Lee, J.