# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Personal Restraint of:<br><br>JARRELL MAURICE MARSHALL,<br><br>Petitioner. | No. 49302-1-II<br><br>PUBLISHED OPINION |

MAXA, C.J. – In this personal restraint petition (PRP), Jarrell Marshall seeks freedom from restraint imposed by the sentence following his 2007 guilty plea for one count of second degree murder and two counts of first degree robbery. Marshall committed these crimes when he was 16 years old, but he was sentenced in adult court. He asserts that the sentencing court erred in failing to consider the mitigating qualities of his youth when he was sentenced.

Marshall argues that even though his PRP was filed more than one year after his conviction became final, his PRP is not time barred under RCW 10.73.100(6) because *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017), represented a significant change in the law that was material to his sentence and that must be applied retroactively. Our Supreme Court in *Houston-Sconiers* stated that the Eighth Amendment *requires* sentencing courts to consider mitigating qualities of youth when sentencing juvenile offenders. *Id.* at 21, 23.

We hold that Marshall's PRP claim was untimely. Although the directive in *Houston-Sconiers* that sentencing courts must consider the mitigating qualities of youth when sentencing juvenile offenders represented a significant change in the law that is material to Marshall's

sentence, it stated a procedural rule that does not apply retroactively. Accordingly, we deny Marshall's PRP.[1]

FACTS

In 2007, Marshall pleaded guilty to second degree murder and to two counts of first degree robbery after he was part of a group who killed one person and robbed two others. He was 16 years old when he committed the crimes.

The standard range sentence was 165-265 months for the murder charge and 51-68 months for the robbery charges. The State and defense counsel made a joint recommendation of a 165 month sentence on the murder charge. The court instead sentenced Marshall to 189 months on the murder charge and 51 months on the robbery charges to run concurrently. Marshall did not file a direct appeal.

In 2016, Marshall filed a PRP based on various grounds. Following subsequent developments in the law, he ultimately focused on an argument that the sentencing court violated the Eighth Amendment and *Houston-Sconiers* by failing to consider the mitigating qualities of youth when imposing a sentence above the joint recommendation.

We ordered a reference hearing to determine what had happened at the 2007 sentencing hearing. The trial court concluded that the sentencing court did not consider Marshall's youthful qualities as required under *Houston-Sconiers* and that Marshall suffered actual prejudice as the result of that constitutional error. The State has challenged both findings.

---

[1] Because we hold that Marshall's PRP is untimely, we do not address whether he established a constitutional error that resulted in actual and substantial prejudice.

ANALYSIS

Marshall argues that the RCW 10.73.100(6) exception to the one-year time bar for PRPs applies because *Houston-Sconiers* resulted in a significant change in the law by requiring sentencing courts to consider mitigating qualities of youth when sentencing juvenile offenders, which was not required under prior law.[2] Our Supreme Court recently declined to address this issue. *In re Pers. Restraint of Meippen*, 193 Wn.2d 310, 317-18, 440 P.3d 978 (2019). We hold that although *Houston-Sconiers* constituted a significant change in the law that was material to his sentence, that case stated a *procedural* rule that cannot be applied retroactively. Therefore, we hold that the RCW 10.73.100(6) exception to the PRP time bar does not apply and that Marshall's PRP is untimely.

A.   TIMELINESS OF PRPS

Under RCW 10.73.090(1), a petitioner generally must file a PRP within one year after a trial court judgment becomes final. A judgment is final on the date it is filed with the clerk of the trial court. RCW 10.73.090(3)(a). Here, Marshall's judgment and sentence became final in 2007. But he did not file his PRP until 2016.

RCW 10.73.100 lists six exceptions to the one-year limit. The exception potentially applicable here is RCW 10.73.100(6), which states that the time bar does not apply if

> [t]here has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express

---

[2] In his PRP, Marshall also argued that *State v. O'Dell*, 183 Wn.2d 680, 358 P.3d 359 (2015), constituted a significant change in the law. However, the Supreme Court in *In re Pers. Restraint of Light-Roth* subsequently held that *O'Dell* did not constitute a significant change in the law that provides an exception to the time bar. 191 Wn.2d 328, 330, 337-38, 422 P.3d 444 (2018). Therefore, Marshall no longer relies on *O'Dell*.

legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

In other words, an exception exists when (1) there has been a "significant change in the law," (2) the change is "material to the . . . sentence," and (3) "sufficient reasons exist to require retroactive application." RCW 10.73.100(6); *see In re Pers. Restraint of Colbert*, 186 Wn.2d 614, 619, 380 P.3d 504 (2016).

The issue here is whether *Houston-Sconiers* satisfied all three requirements of RCW 10.73.100(6).

B.      *O'DELL* AND *HOUSTON-SCONIERS*

Over the last 15 years, courts increasingly have considered the impact of age on juvenile defendants' culpability. In a series of opinions, the United States Supreme Court held that the Eighth Amendment prohibited sentencing juveniles to death, *Roper v. Simmons*, 543 U.S. 551, 578, 125 S. Ct. 1183, 161 L. Ed. 2d 1 (2005); sentencing juveniles to life sentences without the possibility of parole in non-homicide cases, *Graham v. Florida*, 560 U.S. 48, 81-82, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010); and mandatory sentencing of juveniles to life without parole in all cases. *Miller v. Alabama*, 567 U.S. 460, 479, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012). The Court in *Montgomery v. Louisiana* held that *Miller* stated a substantive rule that must be applied retroactively. ___ U.S. ___, 136 S. Ct. 718, 732-36, 193 L. Ed. 2d 599 (2016).

Relying on that line of cases, our Supreme Court addressed consideration of an offender's youth in *State v. O'Dell*, 183 Wn.2d 680, 358 P.3d 359 (2015). In that case, the defendant was convicted of second degree rape of a child, committed 10 days after his 18th birthday. *Id.* at 683-84. At sentencing, the defendant requested an exceptional sentence below the standard range. *Id.* at 685. He argued that he was still in high school, that he would have received a significantly lower sentence in the juvenile system, and that research showed that juveniles are

4

more susceptible to negative influences and impulsive behavior. *Id.* The trial court acknowledged the argument but ruled that it could not consider age as a mitigating circumstance. *Id.* at 685-86.

The Supreme Court noted that research showed "a clear connection between youth and decreased moral culpability for criminal conduct." *Id.* at 695. That connection may relate to the crime and diminish the defendant's culpability, even if it is not a "per se mitigating factor automatically entitling every youthful defendant to an exceptional sentence." *Id.* at 695. Accordingly, the court held that trial courts "must be allowed to consider youth as a mitigating factor" in sentencing a youthful defendant. *Id.* at 696.

Our Supreme Court applied similar principles under the Eighth Amendment in *Houston-Sconiers*, 188 Wn.2d 1. In *Houston-Sconiers*, the defendants were juveniles who had carried a gun while stealing candy from Halloween trick-or-treaters. *Id.* at 9-11. They both were convicted of multiple counts of robbery plus multiple firearm sentence enhancements. *Id.* at 12. The trial court imposed no incarceration on the underlying crimes but believed that the law compelled the imposition of mandatory consecutive sentences for the firearm enhancements. *Id.* at 12-13. The Supreme Court noted that the trial court had no opportunity to exercise discretion regarding the appropriateness of the sentence enhancements. *Id.* at 8.

The Supreme Court stated that the trial court was required to consider a juvenile defendant's youth in sentencing, even for statutorily mandated sentences. *Id.* at 8-9, 21. The court stated that to comply with the Eighth Amendment, courts must address the differences between children and adults by exercising "discretion to consider the mitigating qualities of youth." *Id.* at 19. The court concluded,

> [W]e hold that sentencing courts must have complete discretion to consider mitigating circumstances associated with the youth of any juvenile defendant, even

5

in the adult criminal justice system, regardless of whether the juvenile is there following a decline hearing or not. To the extent our state statutes have been interpreted to bar such discretion with regard to juveniles, they are overruled. *Trial courts must consider mitigating qualities of youth at sentencing* and must have discretion to impose any sentence below the otherwise applicable SRA[3] range and/or sentence enhancements.

*Id.* at 21 (emphasis added).

Relying on *Miller*, the court also provided guidance to trial courts on how to exercise their discretion in juvenile sentencing. *Houston-Sconiers*, 188 Wn.2d at 23. The court emphasized that the sentencing court "must consider" the following factors:

1. "[M]itigating circumstances related to the defendant's youth – including age and its 'hallmark features,' such as the juvenile's 'immaturity, impetuosity, and failure to appreciate risks and consequences.' " *Id.* (quoting *Miller*, 567 U.S. at 477).

2. "[F]actors like the nature of the juvenile's surrounding environment and family circumstances, the extent of the juvenile's participation in the crime, and 'the way familial and peer pressures may have affected him [or her].' " *Houston-Sconiers*, 188 Wn.2d at 23 (quoting *Miller*, 567 U.S. at 477).

3. "[H]ow youth impacted any legal defense, along with any factors suggesting that the child might be successfully rehabilitated." *Houston-Sconiers*, 188 Wn.2d at 23.

The court concluded, "This is what the sentencing court should have done in this case, and this is what we remand for it to do." *Id.*

More recently, our Supreme Court – in a unanimous opinion – characterized the mandatory consideration of youthful qualities ordered in *Houston-Sconiers* as follows:

We also recognized that the court must consider the mitigating circumstances related to the defendant's youth, including, but not limited to, the juvenile's immaturity, impetuosity, and failure to appreciate risks and consequences – the

---

[3] Sentencing Reform Act of 1981, chapter 9.94A RCW.

nature of the juvenile's surrounding environment and family circumstances, the extent of the juvenile's participation in the crime, the way familial and peer pressures may have affected him or her, how youth impacted any legal defense, and any factors suggesting that the juvenile might be successfully rehabilitated.

*State v. Gilbert*, 193 Wn.2d 169, 176, 438 P.3d 133 (2019).

C.      ABILITY TO CHALLENGE STANDARD RANGE SENTENCE

The concurrence notes the general rule that a sentence within the standard sentence range for an offense may not be appealed. RCW 9.94A.585(1). However, a defendant may appeal the *process* by which a trial court imposes a sentence. *State v. Knight*, 176 Wn. App. 936, 957, 309 P.3d 776 (2013). Therefore, a party may challenge " 'the underlying legal conclusions and determinations by which a court comes to apply a particular sentencing provision.' " *State v. Ramos*, 187 Wn.2d 420, 433, 387 P.3d 650 (quoting *State v. Williams*, 149 Wn.2d 143, 147, 65 P.3d 1214 (2003)), *cert. denied*, 138 S. Ct. 467 (2017). For instance, in *Ramos*, the court considered on the merits an appeal of a standard range sentence that a juvenile offender alleged violated the Eighth Amendment. 187 Wn.2d at 433, 436-53.

Here, Marshall challenges the process by which the trial court imposed a standard range sentence that was above the joint recommendation. Therefore, we cannot reject his PRP on the ground that a standard range sentence generally is not appealable.

D.      APPLICATION OF RCW 10.73.100(6)

As noted above, RCW 10.73.100(6) provides an exception to the time bar if (1) there has been a significant change in the law, (2) the change is material to the defendant's sentence, and (3) retroactive application is required. No published opinion has addressed whether *Houston-*

7

*Sconiers* provides an exception to the time bar. As noted above, our Supreme Court in *Meippen* declined to address this issue. 193 Wn.2d at 315.[4]

Significantly, here we are not addressing the actual holding of *Houston-Sconiers* – that "sentencing courts must have absolute discretion to depart as far as they want below otherwise applicable SRA ranges and/or sentencing enhancements when sentencing juveniles in adult court." 188 Wn.2d at 9. Marshall does not rely on that holding because he did not request a sentence outside the standard sentencing range. He instead relies on the court's directive that sentencing courts must consider the mitigating qualities of youth when sentencing juvenile offenders. *Id.* at 21, 23. The question is whether RCW 10.73.100(6) applies to *this rule*.

1. Significant Change in the Law

For purposes of RCW 10.73.100(6), a significant change in the law occurs "when an intervening appellate decision overturns a prior appellate decision that was determinative of a material issue." *State v. Miller*, 185 Wn.2d 111, 114, 371 P.3d 528 (2016). But a decision that merely settles a point of law without overturning prior precedent, applies settled law to new facts, or addresses an issue for the first time does not constitute a significant change in the law. *Id.* at 114-16. One test for determining whether a significant change has occurred is to identify whether the defendant previously could have argued the same issue. *Id.* at 115.

In *In re Personal Restraint of Light-Roth*, our Supreme Court held that *O'Dell* did not constitute a significant change in the law and therefore did not provide an exception to the time bar. 191 Wn.2d 328, 336-38, 422 P.3d 444 (2018). The court concluded that even before *O'Dell* was decided, a defendant could have argued youth as a mitigating factor. *Id.* at 337-38.

---

[4] However, in a dissenting opinion Justice Wiggins argued that *Houston-Sconiers* did meet the requirements of RCW 10.73.100(6). 193 Wn.2d at 318-29 (Wiggins, J., dissenting).

But *Houston-Sconiers* adopted a new sentencing rule, even when compared with *O'Dell*. *Houston-Sconiers* stated that not only did trial courts have the discretion under the SRA to consider youth as *O'Dell* clarified, but trial courts were *required* under the Eighth Amendment to consider mitigating qualities of youth when sentencing a juvenile defendant. 188 Wn.2d at 21. The court also identified certain factors relating to youth that trial courts *must consider* at sentencing. *Id.* at 23.

We need not decide whether *Houston-Sconiers* expressly overruled prior precedent.[5] Our Supreme Court repeatedly has identified another characteristic of a significant change in the law: that the defendant could not have argued the issue before the new case was decided. *E.g.*, *Light-Roth*, 191 Wn.2d at 334; *Miller*, 185 Wn.2d at 115; *In re Pers. Restraint of Lavery*, 154 Wn.2d 249, 258-59, 111 P.3d 837 (2005). "A 'significant change in the law' is likely to have occurred if the defendant was unable to argue the issue in question before publication of the intervening decision." *Light-Roth*, 191 Wn.2d at 334. As the court stated in *In re Personal Restraint of Greening*, although petitioners "have a duty to raise *available* arguments in a timely fashion . . . they should not be faulted for having omitted arguments that were essentially *unavailable* at the time." 141 Wn.2d 687, 697, 9 P.3d 206 (2000).

Here, as the court noted in *Light-Roth*, Marshall could have argued that the sentencing court should consider youth as a mitigating factor. *Id.* at 338. But there is no question that he could not have argued at sentencing that the sentencing court was *required* under the Eighth Amendment to consider specific mitigating qualities of his youth. *Houston-Sconiers* was the first case to adopt that rule. And that rule changed the law; before *Houston-Sconiers* sentencing

---

[5] In his dissent in *Meippen*, Justice Wiggins asserted that *Houston-Sconiers* expressly overruled *State v. Brown*, 139 Wn.2d 20, 983 P.2d 608 (1999). *Meippen*, 193 Wn.2d at 321 (Wiggins, J., dissenting) (citing *Houston-Sconiers*, 188 Wn.2d at 21 n.5).

courts were not required to consider youth as a mitigating factor and after *Houston-Sconiers* they were.

We conclude that *Houston-Sconiers* constituted a significant change in the law for purposes of RCW 10.73.100(6).

2.     Materiality of Change

Whether a change in the law is material for purposes of RCW 10.73.100(6) "depends upon the facts and circumstances of each case." *In re Pers. Restraint of Hartzell*, 108 Wn. App. 934, 940, 33 P.3d 1096 (2001).

Here, Marshall was a juvenile offender. At sentencing, he was unable to argue that the sentencing court was required to consider his youth when evaluating the joint recommendation for a mid-range sentence. Under *Houston-Sconiers*, the sentencing court would be required to consider certain mitigating qualities of youth. 188 Wn.2d at 21, 23. Marshall would be able to argue based on the court's mandatory consideration of these qualities that his sentence should be lower. The required consideration of the mitigating qualities of youth may have convinced the trial court not to impose a higher sentence than the joint recommendation. Therefore, *Houston-Sconiers* is material.

The State appears to argue that *Houston-Sconiers* is not material because the rule stated in that case applies only to sentences that are the functional equivalent of a life sentence. However, *Houston-Sconiers* contains no such limitation. The court stated that sentencing courts must consider the characteristic of youth *any time* a juvenile offender is sentenced in adult court. 188 Wn.2d at 8-9, 21, 23.

The State also appears to argue that the holding in *State v. Scott*, 190 Wn.2d 586, 416 P.3d 1182 (2018), precludes *Houston-Sconiers* from being material to Marshall's sentence. In

*Scott*, the juvenile defendant was sentenced to 900 months confinement and later filed a motion requesting a new sentencing hearing that was converted to a PRP. *Id.* at 589-90. The court held that collateral relief was unavailable to Scott pursuant to RAP 16.4(d), which allows collateral relief only if available remedies are inadequate. *Id.* at 592, 601. The court stated that his adequate remedy was to seek parole under RCW 9.94A.730. *Id.* That statute, commonly known as the *Miller* fix, provides that a person convicted as juvenile can petition the indeterminate sentence review board for early release after serving no less than 20 years of total confinement. RCW 9.94A.730(1).

The court rejected the argument that *Houston-Sconiers* required resentencing. *Id.* at 594-97. The court noted that the United States Supreme Court in *Montgomery* expressly held that a state may remedy an unconstitutional life without the parole sentence by permitting juvenile offenders to be considered for parole rather than resentencing them. *Scott*, 190 Wn.2d at 596-97. But *Scott* is inapplicable here because Marshall was not sentenced to more than 20 years of total confinement. Therefore, RCW 9.94A.730(1) does not apply to him and cannot provide an adequate remedy under RAP 16.4(d).

We conclude that that *Houston-Sconiers* constituted a change in the law that was material to Marshall's sentence for purposes of RCW 10.73.100(6).

3. Retroactive Application

a. General Principles

A decision that constitutes a significant change in the law does not necessarily apply retroactively. *See Colbert*, 186 Wn.2d at 619. Whether a decision must be applied retroactively for purposes of RCW 10.73.100(6) depends on the federal retroactivity analysis established in

*Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989) (plurality opinion). *Colbert*, 186 Wn.2d at 623.

Under the *Teague* analysis, a "new rule" generally will not be given retroactive application on collateral review. *Colbert*, 186 Wn.2d at 623. A new rule is one that breaks new ground or was not dictated by precedent existing when the defendant was convicted, and is a rule upon which reasonable jurists could disagree. *Id.*

If a decision establishes a new rule, that decision generally applies only to those cases that are pending on direct review or not yet final. *In re Pers. Restraint of Haghighi*, 178 Wn.2d 435, 443, 309 P.3d 459 (2013). But under *Teague*, a decision will apply retroactively on collateral review in two situations: when the decision establishes (1) "a substantive rule that places certain behavior 'beyond the power of the criminal law-making authority to proscribe' " or (2) a "watershed rule of criminal procedure" that is " 'implicit in the concept of ordered liberty.' " *In re Pers. Restraint of Gentry*, 179 Wn.2d 614, 628, 316 P.3d 1020 (2014) (quoting *Teague*, 489 U.S. at 311) (internal quotation marks omitted). We apply the *Teague* analysis to determine whether *Houston-Sconiers* applies retroactively.

        b.     *Houston-Sconiers* as a New Rule

The rule set out in *Houston-Sconiers* is plainly new. It was based on evolving law that culminated in *Miller*, which the United States Supreme Court in *Montgomery* treated as new. 136 S. Ct. at 732. And the case law preceding *Houston-Sconiers*, *Miller* included, did not establish that the Eighth Amendment required a sentencing court to consider a juvenile defendant's youth for all types of offenses.

c.  Substantive vs. Procedural Rule

A new rule applies retroactively if it is substantive.  *Gentry*, 179 Wn.2d at 628.

"Procedural rules . . . are designed to enhance the accuracy of a conviction or sentence by

regulating 'the *manner of determining* the defendant's culpability.' " *Montgomery*, 136 S. Ct. at

730 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353, 124 S. Ct. 2519, 159 L. Ed. 2d 442

(2004).  "Substantive rules . . . set forth categorical constitutional guarantees that place certain

criminal laws and punishments altogether beyond the State's power to impose." *Montgomery*,

136 S. Ct. at 729.  "A substantive rule . . . forbids 'criminal punishment of certain primary

conduct' or prohibits 'a certain category of punishment for a class of defendants because of their

status or offense.' " *Montgomery*, 136 S. Ct. at 732 (quoting *Penry v. Lynaugh*, 492 U.S. 302,

330, 109 S. Ct. 2934, 106 L. Ed. 2d 256 (1989)).

The Supreme Court's directive in *Houston-Sconiers* that sentencing courts must consider

the mitigating qualities of youth did not prohibit any category of punishment or provide that the

State could not impose certain punishment.  Instead, the court addressed the manner of

determining what sentence to impose on a juvenile, establishing a *process* to ensure that the

sentencing of juveniles comports with the Eighth Amendment.  The court held that a sentencing

court must consider certain specific factors when sentencing a juvenile.  *Houston-Sconiers*, 188

Wn.2d at 23.  But the court did not limit the sentencing court's discretion to impose a particular

sentence as long as those factors were considered.  Therefore, we conclude that *Houston-

Sconiers* stated a procedural rule rather than a substantive one.

This conclusion is not inconsistent with *Montgomery*, which held that *Miller* established

a substantive rule.  As the Court stated in *Montgomery*, *Miller* "did more than require a sentence

to consider a juvenile offender's youth before imposing life without parole; it established that the

penological justifications for life without parole collapse in light of the 'distinctive attributes of youth.' " *Montgomery*, 136 S. Ct. at 734 (quoting *Miller*, 567 U.S. at 472). The court recognized that *Miller* did not erect a categorical bar against sentencing a juvenile to life without parole, but stated that *Miller*'s prohibition of such punishment "for all but the rarest of juvenile offenders" amounted to a substantive protection. *Montgomery*, 136 S. Ct. at 734. The Court concluded that the rule stated in *Miller* was a "substantive holding that life without parole is an excessive sentence for children whose crimes reflect transient immaturity." *Id.* at 735.

The same substantive prohibition is missing from *Houston-Sconiers*. Unlike in *Miller*, *Houston-Sconiers* did not address whether the Eighth Amendment prohibited a specific sentence. Instead of forbidding application of a particular type of punishment as in *Miller*, the court in *Houston-Sconiers* created a generally applicable process for sentencing juvenile defendants that regulated " 'the *manner of determining* the defendant's culpability.' " *Montgomery*, 136 S. Ct. at 730 (quoting *Schriro*, 542 U.S. at 353).

We conclude that the directive in *Houston-Sconiers* that sentencing courts must consider the mitigating qualities of youth when sentencing juvenile offenders did not establish a substantive rule and therefore cannot be retroactive on that basis.

        d.    Watershed Rule of Criminal Procedure

The second *Teague* exception is that a new procedural rule may apply retroactively if it is a watershed rule of criminal procedure. *Colbert*, 186 Wn.2d at 624. A watershed rule is a rule that is " 'implicit in the concept of ordered liberty' " and that implicates the "fundamental fairness of the trial." *State v. Evans*, 154 Wn.2d 438, 445, 114 P.3d 627 (2005) (quoting *In re Pers. Restraint of St. Pierre*, 118 Wn.2d 321, 326, 823 P.2d 492 (1992)). The rule must not only improve accuracy, but alter our understanding of " '*bedrock procedural elements* essential to the

fairness of a proceeding.' " *Evans*, 154 Wn.2d at 445 (quoting *Sawyer v. Smith*, 497 U.S. 227, 242, 110 S. Ct. 2822, 111 L. Ed. 2d 193 (1990).

Watershed rules are almost nonexistent. The United States Supreme Court has referenced *Gideon v. Wainwright*,[6] which guaranteed the right to counsel for criminal defendants, as a watershed rule. *Saffle v. Parks*, 494 U.S. 484, 495, 110 S. Ct. 1257, 108 L. Ed. 2d 415 (1990); *see Gentry*, 179 Wn.2d at 628. Since then, the United States Supreme Court has addressed multiple claimed watershed rules, but no new watershed has been announced. *See Gentry*, 179 Wn.2d at 628. The United States Supreme Court twice has rejected watershed status to rules addressing mitigating evidence at sentencing. *Graham v. Collins*, 506 U.S. 461, 476-78, 113 S. Ct. 892, 122 L. Ed. 2d 260 (1993); *Beard v. Banks*, 542 U.S. 406, 419-20, 124 S. Ct. 2504, 159 L. Ed. 2d 494 (2004).

Our Supreme Court similarly has never held that a rule meets the *Teague* watershed criteria. *Gentry*, 179 Wn.2d at 628. The court in *Gentry* noted that in applying this exception, "courts have been sparing to the point of unwillingness." *Id.*

Given the reluctance of the United States Supreme Court and our Supreme Court to find watershed rules in this context, we conclude that *Houston-Sconiers* does not establish a watershed procedural rule.

4.    Summary

We conclude that the directive in *Houston-Sconiers* that sentencing courts must consider the mitigating qualities of youth when sentencing juvenile offenders does not apply retroactively to matters on collateral review. Therefore, we hold that Marshall's PRP claim is untimely.

---

[6] 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963).

CONCLUSION

We hold that RCW 10.73.100(6) is inapplicable here and therefore that Marshall's PRP is untimely. Accordingly, we deny the PRP.

_____
MAXA, C.J.


I concur:

_____
GLASGOW, J.

MELNICK, J. (concurring) — After receiving the benefits of the bargain from his plea negotiations with the State, Jerrell Marshall now seeks in this personal restraint petition (PRP) to renege on his stipulated plea agreement.

Marshall pled guilty to murder in the second degree and two counts of robbery in the first degree in exchange for a stipulated sentence recommendation within the standard range.[7] The State reduced the original charges of murder in the first degree, assault in the first degree, and three counts of robbery in the third degree. These original charges carried a higher standard range than the ones to which Marshall pled guilty. The murder in the first degree charge also carried a mandatory minimum of twenty years of total confinement with no earned early release. RCW 9.94A.540(1)(a), (2). The events underlying all of these charges occurred when Marshall was 16 years old. He was sentenced in adult court.

While I agree with the majority's result, I disagree with its reasoning and analysis. First, Marshall has failed to show actual and substantial prejudice. Accordingly, his PRP should be denied. Second, there has been no significant change in the law as it relates to sentencing a defendant within the standard range. The majority takes an overly broad view of the rule in *State v. Houston-Sconiers*[8] and fails to factually distinguish it. I believe *Houston-Sconiers* is inapplicable in this case where Marshall pled guilty to a stipulated sentence within the standard range and where the court meted out a standard range sentence.

---

[7] The court sentenced Marshall to a determinate standard range sentence; however, it did not follow the stipulated plea agreement. The court advised Marshall it was not bound by the plea agreement.

[8] 188 Wn.2d 1, 391 P.2d 409 (2017).

I.     NO PREJUDICE

"A personal restraint petitioner must prove either a (1) constitutional error that results in actual and substantial prejudice or (2) nonconstitutional error that 'constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" *In re Pers. Restraint of Monschke*, 160 Wn. App. 479, 488, 251 P.3d 884 (2010) (internal quotation marks omitted) (quoting *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 672, 101 P.3d 1 (2004)). The petitioner must prove the error by a preponderance of the evidence. *In re Pers. Restraint of Lord*, 152 Wn.2d 182, 188, 94 P.3d 952 (2004).

In *In re Pers. Restraint of Meippen*, 193 Wn.2d 310, 317-18, 440 P.3d 978 (2019), the court recently ruled that it need not decide if *Houston-Sconiers* represented a significant, material legal change that should be applied retroactively to cases on collateral review. Instead, it decided that because Meippen could not demonstrate actual and substantial prejudice by a preponderance of the evidence, his personal restraint petition should be dismissed. *Meippen*, 193 Wn.2d at 318.

The same situation exists in this case. Marshall cannot show prejudice. He cannot demonstrate that the sentencing court would have sentenced him to an exceptional sentence below the range, the relief he now requests.[9, 10] In fact, the stipulated plea agreement precluded Marshall from asking or arguing for an exceptional sentence below the standard range. In exchange for the reduction of charges, he stipulated to a specific sentence within the standard range.

---

[9] In addition, Marshall cannot show by a preponderance of the evidence that his sentence would have been shorter if *Houston-Sconiers* applied retroactively.

[10] If Marshall's PRP was granted, I question whether his proffered remedy would be imposed. Rather, because he arguably entered into an indivisible plea agreement, there may be other remedies. *See In re Pers. Restraint of Swagerty*, 186 Wn.2d 801, 810-12, 383 P.3d 454 (2016) (regarding appropriate remedies). I need not address this issue at this time.

I would rely on *Meippen* and dismiss Marshall's PRP on this basis without further discussion. He has not demonstrated actual and substantial prejudice.

II.     NO CHANGE IN LAW

Because the majority has chosen to analyze this case differently than the Supreme Court did in *Meippen*, I also address the majority's analysis regarding whether there has been a significant change in the law.

The majority and I agree that this PRP is time-barred under RCW 10.73.090 unless there has been a significant change in the law that is material to Marshall's sentence. RCW 10.73.100(6). "Whether there has been a "significant change in the law" primarily rests on whether the defendant 'could have argued this issue before publication of the decision.'" *In re Pers. Restraint of Light-Roth*, 191 Wn.2d 328, 337, 422 P.3d 444 (2018) (internal quotations omitted) (quoting *In re Pers. Restraint of Lavery*, 154 Wn.2d 249, 258-59, 111 P.3d 837 (2005)). Even if there is a change in the law, the petitioner must show that it was material to him and his case. RCW 10.73.100(6).

In evaluating this issue, it must be remembered that standard range sentences are presumptively not appealable. RCW 9.94A.585. A trial court's decision regarding the length of a sentence within the standard range is not appealable because "as a matter of law there can be no abuse of discretion." *State v. Ammons*, 105 Wn.2d 175, 183, 713 P.2d 719, 718 P.2d 796, *cert. denied*, 479 U.S. 930, 107 S. Ct. 398, 93 L. Ed. 2d 351 (1986).

At a sentencing hearing, the court "may impose any sentence within the range that it deems appropriate." RCW 9.94A.530(1). There is no limitation on what a court may consider in sentencing a defendant within the standard range. 13 ROYCE A. FERGUSON, JR., WASHINGTON

PRACTICE, CRIMINAL PRACTICE AND PROCEDURE § 4818, at 395-96 (3d ed. 2004);[11] *State v. Mail*, 121 Wn.2d 707, 711 n.2, 714, 854 P.2d 1042, 1044 (1993). At sentencing, a court must consider all of the information presented to it. However, it is important to differentiate between information presented to a court at a sentencing hearing and the weight the court gives the information.

Where the trial court follows correct procedures when sentencing a defendant to a standard range sentence, an appeal is statutorily barred. *Mail*, 121 Wn.2d at 714. In *Mail*, the court held "that in order for a "procedural" appeal to be allowed under *Ammons*, it must be shown that the sentencing court had a duty to follow some specific procedure required by the SRA [Sentencing Reform Act of 1981], and that the court failed to do so." 121 Wn.2d at 712. Marshall has failed to make such a showing.

As such, the court at sentencing could always consider such factors as a "juvenile's immaturity, impetuosity, and failure to appreciate risks and consequences—the nature of the juvenile's surrounding environment and family circumstances, the extent of the juvenile's participation in the crime, the way familial and peer pressures may have affected him or her, how youth impacted any legal defense, and any factors suggesting that the juvenile might be successfully rehabilitated." *State v. Gilbert*, 193 Wn.2d 169, 176, 438 P.3d 133 (2019); *Houston-Sconiers* 188 Wn.2d at 23.

Based on the foregoing, the court did not fail to follow a specific procedure required by the SRA and Marshall does not allege any. In addition, Marshall could have argued the issue he now

---

[11] For sentences above the standard range, the court "may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing, or proven pursuant to RCW 9.94A.537". RCW 9.94A.530(2). This "real facts" doctrine only applies to exceptional sentences above the range. It does not apply to standard range sentences.

puts forth, before publication of *Houston-Sconiers*. I do not believe that Marshall has demonstrated that a change in law occurred under RCW 10.73.100(6) as it affects his case.

Marshall stipulated to a sentence within the standard range and had available to him all of the arguments about youth enumerated in *Houston-Sconiers* to justify his standard range sentence. I also note that if Marshall could not have appealed his standard range sentence, he certainly cannot collaterally attack it in a PRP and prevail.

In arriving at this conclusion, I note that the majority has taken an overly broad view of the rule of *Houston-Sconiers* and its progeny. The majority states that a sentencing court "must consider the characteristic of youth *any time* a juvenile offender is sentenced in adult court." Majority at 10. However, this rule must be tempered by the facts of the case and the issues the court had before it. In *Houston-Sconiers* the defendants went to trial. The court sentenced the defendants to an exceptional sentence below the standard range but it did not believe it could impose an exceptional sentence on the enhancements. The court disagreed and said that the mandatory nature of the enhancements violated the eighth amendment when applied to juveniles who are sentenced in adult court. *Houston-Sconiers*, 188 Wn.2d at 26.[12]

In the present case, Marshall did not go to trial; he plead guilty after receiving many great benefits from his plea bargain, including reduced charges, no mandatory minimum, and a lower standard range. *Marshall* also involved a stipulation by both parties to recommend a specific sentence within the standard range.

---

[12] Similarly, in *State v. Gilbert*, the defendant committed his crimes, murder in the first degree with aggravating factors, murder in the first degree, and others, at 15 years of age and was sentenced in adult court after a jury convicted him. The trial court ruled it lacked the discretion to run the murder sentences in any way other than consecutive to each other. On appeal, the court relied on *Houston-Sconiers*, reversed and ruled that the trial court had the discretion to impose an exceptional sentence below the range and run the sentences concurrent with each other. *Gilbert*, 193 Wn.2d 169, 175, 438 P.3d 133 (2019).

Lastly, although the majority has emphasized that trial courts are mandated to consider specific mitigating factors of youth at sentencing, I must stress that courts can only consider the evidence and information presented to them by the parties. The failure by a court to consider any of the specific factors enumerated by the majority would not be error if neither party did not or could not present such information. I believe the only logical way to read that rule is that sentencing courts must consider the mitigating qualities of youth when such information is presented to them.

Because Marshall has failed to show actual and substantial prejudice and because he has failed to demonstrate a significant change in the law that affects his case, I concur in the result to deny the PRP.

Melnick, J.