[No. 59327-2.   En Banc.   June 17, 1993.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES CRAIG MAIL, *Petitioner*.

*Johnson and Heard,* by *Steven R. Johnson,* for petitioner.

*H. Steward Menefee, Prosecuting Attorney,* and *Joseph F. Wheeler, Deputy,* for respondent.

DURHAM, J. — On February 6, 1990, James Craig Mail was charged by information with the first degree assault of his girlfriend, Della Brouillet. As a result of a plea agreement, an amended information was filed on May 3, 1990, charging Mail with attempted assault in the first degree to which he entered an *Alford* plea. *See North Carolina v. Alford,* 400 U.S. 25, 37, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970). Based upon an offender score of 2 and a seriousness level of XI, the standard range for attempted assault in the first degree is 57.75 to 76.5 months. RCW 9.94A.360(10); former RCW 9.94A-.310(1), (2). The State recommended 57.75 months, the low end of the standard range. The community corrections officer recommended an increased exceptional sentence of 85 months. Mail requested a decreased exceptional sentence of 12 months.

A sentencing hearing was held on July 9, 1990. The court sentenced Mail to 76 months, at the high end of — but within — the standard range. In addition to oral argument by the parties and statements by the defendant and his mother at the hearing, the parties submitted the following documents to the court: the defendant's presentence statement; the statement of the prosecuting attorney; the presentence investigation report (PSI); and letters to the court from the defendant, the defendant's mother, and the defendant's two sisters.

The PSI showed Mail's 1981 conviction for assault in the second degree and listed the Grays Harbor County cause number for that conviction. The PSI also stated that Mail "has been charged with three assaultive violations since being placed on [probation]." Clerk's Papers (CP), at 23. The PSI did not describe the details of the 1980 assault or the subsequent assault charges. The defendant's presentence statement informed the court that the 1981 conviction resulted from "a fight with another man outside a tavern". CP, at 33.

Through the file number listed in the PSI, the trial judge obtained and reviewed the 1981 conviction file. The file revealed that the conviction resulted from an assault in which Mail "broke a man's jaw". Report of Proceedings (RP), at 8-9. The court also learned that only one of the charged probation violations referenced in the PSI was assaultive in nature and that two of the three "charges" actually resulted in convictions and increased jail time. The court referred to these facts at the July 9 sentencing hearing. The defendant did not object.

Mail appealed to Division Two of the Court of Appeals, arguing that RCW 9.94A.110 limits the information that a court may consider in sentencing. The Court of Appeals held that Mail could not appeal his standard range sentence because he did not raise an appealable procedural issue under RCW 9.94A.210(1), and, alternatively, that the issue raised did not merit discretionary review under RAP 2.3(b).[1]

---

[1] RAP 2.3(b)(3) allows discretionary review of a trial court action that so far departs from the "accepted and usual course of judicial proceedings . . . as to call

*See State v. Mail*, 65 Wn. App. 295, 828 P.2d 70 (1992). The defendant's petition for review to this court was treated as a motion for discretionary review pursuant to RAP 13.3(a) and (c) and was granted on October 6, 1992.

Mail raises three issues on appeal: (1) is this claim barred by RCW 9.94A.210(1), which prohibits appeals of sentences within the standard range; (2) did the trial court exceed its authority by considering the material from the Grays Harbor County file; and (3) was Mail entitled to an evidentiary hearing to determine the validity of the information in the Grays Harbor County file? We hold that Mail's claim is barred by the clear language of RCW 9.94A.210(1), and, therefore, do not reach the remaining issues.

The Sentencing Reform Act of 1981 (SRA) states clearly that a "sentence within the standard range for the offense shall not be appealed." RCW 9.94A.210(1). In *State v. Ammons*, 105 Wn.2d 175, 713 P.2d 719, 718 P.2d 796, *cert. denied*, 479 U.S. 930 (1986), we affirmed the rule that appeals which challenge the amount of time given within the correct standard range are precluded. *Ammons*, at 182. "The court may impose any sentence within the range that it deems appropriate." RCW 9.94A.370(1). A trial court's decision regarding the length of a sentence within the standard range is not appealable because "as a matter of law there can be no abuse of discretion . . .." *Ammons*, at 183. This accords with the traditional notion that, outside of narrow constitutional or statutory limitations, a sentencing judge's discretion remains largely unfettered. *See State v. Herzog*, 112 Wn.2d 419, 423-25, 771 P.2d 739 (1989) (discussing the time-honored latitude afforded judges at sentencing).

Having precluded challenges to the amount of time given within the standard range, however, *Ammons* continued on, in dicta, to add the language upon which Mail relies for this appeal. Specifically, *Ammons* stated, without explanation or authority, that "[a]n appellant, of course, is not precluded

---

for review by the appellate court." Although the Court of Appeals' use of RAP 2.3 in these circumstances is questionable, neither party has properly briefed this issue and it will not be a consideration in our decision.

from challenging on appeal the *procedure* by which a sentence within the standard range was imposed." (Italics ours.) *Ammons*, at 183. Mail claims that because he is challenging only the procedure by which the trial judge arrived at his sentence; *i.e.*, the consideration of the Grays Harbor County records, that he is entitled to appeal under *Ammons*.

■■ We disagree. We do not believe that the *Ammons* dicta should be so broadly interpreted. To determine what was meant by "procedure", it is appropriate to refer to the act that *Ammons* was construing — the SRA itself. The SRA is the sole statutory source of sentencing authority. Therefore, we must look to this statute to determine exactly what procedures are required in imposing this standard range sentence.

The SRA mandates that the court "shall consider the presentence reports . . . and allow arguments from the prosecutor, the defense counsel, the offender, the victim, the survivor of the victim, or a representative of the victim or survivor, and an investigative law enforcement officer as to the sentence to be imposed." RCW 9.94A.110. This section of the statute forms a baseline — a minimum amount of information which, if available and offered, *must* be considered in sentencing. By comparison, RCW 9.94A.370(2) identifies the information that the court "may rely on" in arriving at a sentence within the standard range, but does not limit in any way the sources of information a sentencing court may consider. *State v. Handley*, 115 Wn.2d 275, 282, 796 P.2d 1266 (1990). *See also* David Boerner, *Sentencing in Washington* § 6-13, at 6-21 (1985) (noting that the SRA places no limitations on the information a sentencing judge may consider in arriving at a sentence within the standard range). Hence, the sentencing court must consider information presented pursuant to RCW 9.94A.110, but may also consider other sources of information in arriving at a sentence within the standard range.[2]

---

[2]Our explanation here should not be confused with our discussions regarding the appropriate considerations for exceptional sentences. Unlike the nearly

The SRA also provides that if a defendant "disputes material facts [used in sentencing], the court must either not consider the fact or grant an evidentiary hearing· on the point." RCW 9.94A.370(2). This is the only other procedure required in standard range sentencing which may have been applicable in this case. The SRA further provides that if no objection is raised to the information presented or considered during sentencing, then that information is considered "acknowledged". RCW 9.94A.370(2). In order to challenge the information, the objection must be both timely and specific. *Handley*, at 283. The SRA provides for an evidentiary hearing in order to determine the truth or falsity of the challenged facts. RCW 9.94A.370(2); *Handley*, at 282; *Herzog*, at 431-32. Since the sentencing judge may rely on any facts which are proved at this hearing, any objection must go to the veracity of the facts, not just their use. The sentencing judge is always free to rely on acknowledged information. RCW 9.94A.370(2).

In sum, we now hold that in order for a "procedural" appeal to be allowed under *Ammons*, it must be shown that the sentencing court had a duty to follow some specific procedure required by the SRA, and that the court failed to do so. Without such a showing, the clear rule of RCW 9.94A-.210(1) applies and the appeal will be denied.

Outside of the SRA, the only other possible limitation on the judge's discretion might be found in the provisions of our state and federal constitutions. *Herzog*, at 423. In *Herzog*, we "assume[d] without deciding" that constitutional challenges to a standard range sentence are always allowed, regardless of the clear prohibition of RCW 9.94A.210(1).[3] *Herzog*, at 423.

---

unlimited discretion afforded to judges in imposing the appropriate sentence within the standard range, the discretion to impose an exceptional sentence is both more limited and more amenable to review. *See* RCW 9.94A.120(3); RCW 9.94A.210. Most importantly, trial courts are explicitly prohibited by the "real facts doctrine" from relying on "[f]acts that establish the elements of a more serious crime or additional crimes" in imposing an exceptional sentence. RCW 9.94A.370(2). No such limitation exists in sentencing within the standard range.

[3]No constitutional issues were raised to the Court of Appeals in this case. In his motion for discretionary review, Mail makes passing reference to the "right to appeal" contained in article 1, section 22 of the Washington State Constitu-

That case involved a defendant's claim that the sentencing judge's consideration of a constitutionally invalid conviction violated his due process rights, even though he received a sentence within the proper standard range. Although we ultimately denied the defendant relief, we did note that a constitutional problem would be raised if a judge relies upon "material facts of constitutional magnitude that are not true". *Herzog*, at 431 (citing *United States v. Tucker*, 404 U.S. 443, 30 L. Ed. 2d 592, 92 S. Ct. 589 (1972); *Townsend v. Burke*, 334 U.S. 736, 92 L. Ed. 1690, 68 S. Ct. 1252 (1948)). In the case at hand, Mail does not dispute the veracity of the facts relied upon by the trial judge.

Since the only applicable procedures mandated by the SRA in this case are those dictated by RCW 9.94A.110 and RCW 9.94A.370(2), these are the only statutory bases for an appeal under *Ammons*.[4] In order to bypass the prohibition on appeals found at RCW 9.94A.210(1), this petitioner must show either that the trial court refused to consider information mandated by RCW 9.94A.110, or that the petitioner timely and specifically objected to the consideration of certain information and that no evidentiary hearing was held. This reading serves to ensure that the exception briefly noted in *Ammons* does not end up swallowing the clear rule of RCW 9.94A.210(1).

---

tion. Motion for Discretionary Review, at 11. However, he has not adequately argued or briefed this issue. Moreover, neither party has cited nor discussed *State v. Herzog*, 112 Wn.2d 419, 771 P.2d 739 (1989). Since we received neither proper briefing nor argument on the issue of the appealability of constitutional chal-lenges, we will once again reserve this issue for another day.

[4]In a limited number of cases, we have allowed a challenge to the authority of the trial court to impose alternative sentences. *State v. Onefrey*, 119 Wn.2d 572, 574 n.1, 835 P.2d 213 (1992); *State v. Bernhard*, 108 Wn.2d 527, 530, 741 P.2d 1 (1987), *overruled in part on other grounds in State v. Shove*, 113 Wn.2d 83, 776 P.2d 132 (1989). These cases are unlike the situation in *State v. Ward*, 49 Wn. App. 427, 743 P.2d 853 (1987), where an appellate court permitted review of the judge's discretionary decision to deny an exceptional sentence below the standard range. Clearly, in *Ward*, the appellant was asking for less time, not an alternative sentence. *See State v. Ammons*, 105 Wn.2d 175, 182, 713 P.2d 719, 718 P.2d 796 (precluding challenges to the amount of time imposed when within the standard range), *cert. denied*, 479 U.S. 930 (1986). To the extent that *Ward* is inconsistent with the result we reach today, it is overruled.

Were we to read *Ammons* so broadly as Mail urges, it would allow every challenge to a standard range sentence which is arguably "procedural". This would effectively eliminate the prohibition against appeals contained in RCW 9.94A.210(1). For instance, in the case at hand, the trial judge was under no obligation to explain his reason for imposing a sentence at the high end of the standard range. Yet, it is his discretionary decision to do so that forms the basis for this appeal. It is almost self-evident that, while cloaking his arguments in "procedure", the ultimate object of this petitioner in seeking resentencing is to receive a lower sentence within the standard range. Such an outcome can only be allowed to correct egregious errors in procedure. *Cf.* RCW 9.94A.030(28) (" 'Sentence range' means the sentencing court's discretionary range in imposing a nonappealable sentence.").

Turning to the case at hand, we note initially that Mail does not contest that the sentencing judge allowed for presentation of the information dictated by RCW 9.94A.110. Rather, his contention is that the trial judge went beyond that information in his considerations. As discussed above, this is not an appealable issue since RCW 9.94A.110 does not limit the information a judge may consider. As to Mail's contention that the trial court should have held an evidentiary hearing on the contents of the Grays Harbor County file, Mail's failure to object at sentencing means that he has acknowledged those facts and they may be used by the trial court. Even had he objected, Mail has never contested the validity of the relied-upon facts, so any objection would have been meaningless. The trial court followed the correct procedures in imposing a sentence within the standard range, and so this appeal is barred by RCW 9.94A.210(1).

In sum, we affirm the Court of Appeals' holding that RCW 9.94A.210(1) precludes Mail's appeal and affirm the trial court's denial of Mail's motion to vacate his judgment and sentence.

ANDERSEN, C.J., and UTTER, BRACHTENBACH, SMITH, GUY, JOHNSON, and MADSEN, JJ., concur.