[No. 60713-3. En Banc. February 10, 1994.]

THE STATE OF WASHINGTON, *Petitioner*, v. BRIAN L. FRIEDERICH-TIBBETS, *Respondent*.

*Norm Maleng, Prosecuting Attorney,* and *Peter Goldman, Deputy,* for petitioner.

*Neal J. Philip* of *Washington Appellate Defender Association,* for respondent.

PER CURIAM. — Upon conviction of possession of cocaine with intent to deliver, the trial court imposed a standard range sentence. The defendant appealed seeking an exceptional sentence below the standard range. The Court of Appeals reversed and remanded for consideration of an exceptional sentence below the standard range. The State seeks review, contending there was no lawful basis for imposing such a sentence. We grant review and reverse the Court of Appeals.

## BACKGROUND

In July 1991, Mr. Tibbets entered a plea of guilty to one count of possession of cocaine with intent to deliver, in violation of RCW 69.50.401(a)(1)(i). The standard range sentence was 26 to 34 months' imprisonment. The trial court imposed a 26-month sentence with 12 months' community placement. The trial court made findings attesting to the defendant's cooperation, genuine signs of remorsefulness at sentencing, maturation, the substantial and significant changes in defendant's life and lifestyle, the defendant having obtained steady employment for the past 2 years, and having remained crime free. The court also noted that the defendant had successfully completed substance abuse treatment

and had participated in Alcoholics Anonymous, having not used alcohol or controlled substances for almost 2 years. The court further found that the most frugal use of the State's resources would be a work release program to allow the defendant to continue in a positive direction, maintain his job and family, and minimize the risk of reoffending. The court determined that more probably than not both the public and the defendant would benefit more from such a sentence than incarceration in a penal institution. However, in the conclusions of law the court noted: "None of the above facts, alone or in combination, constitute substantial and compelling mitigating factors sufficient to justify an exceptional sentence below the standard range of 26-34 months." The court then imposed the standard range sentence. The Court of Appeals reversed, citing RCW 9.94A.010 and *United States v. Rogers*, 972 F.2d 489 (2d Cir. 1992), and remanded for resentencing.

## ANALYSIS

█ RCW 9.94A.210(1) provides that "[a] sentence within the standard range for the offense shall not be appealed." The Court of Appeals held that this statute did not apply inasmuch as this was a case involving a "procedural" error where the challenge was to the court's legal conclusions as to what constituted a mitigating factor. This holding is in opposition to *State v. Mail*, 121 Wn.2d 707, 854 P.2d 1042 (1993), where this court held that RCW 9.94A.210(1) barred the defendant's appeal which challenged the trial court's refusal to impose a sentence below the standard range. We note that *State v. Mail, supra*, was decided before the Court of Appeals filed its decision in this case.

## CONCLUSION

We reverse the Court of Appeals and affirm the trial court. Reconsideration denied March 15, 1994.