IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 71216-1-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| JEFF HEURTELOU, | ) | UNPUBLISHED OPINION |
| Appellant. | ) | FILED: January 26, 2015 |

BECKER, J. — Defendants who receive a standard-range sentence must object to unproven assertions of fact presented at sentencing to preserve error under the real facts doctrine.

Appellant Jeff Heurtelou, received a standard range sentence of 297 months after he pleaded guilty to seven counts of first-degree robbery and two counts of first-degree burglary. The charges arose from a series of incidents in Bellevue in which Heurtelou and others entered apartments used by massage therapists and robbed those who were present. As part of his plea agreement, Heurtelou agreed to recommend a sentence of not more than 273 months. The State recommended a sentence of 315 months. Both recommendations were within the standard range.

At sentencing, upon the request of the court, the prosecutor provided details about the sentence imposed on one of Heurtelou's accomplices. The

State responded that the sentence was about 25 years, somewhat less than what the State had recommended. Counsel for Heurtelou acknowledged that the sentence was 297 months:

> I have the judgment and the sentence for the other individual, your Honor. If you would like to know about it, it was 297 months.

The prosecutor next stated that she had met with many of the victims and that they supported the resolution of the case. The court asked the prosecutor about who the victims were. The prosecutor described them and indicated that they had been brought into the Bellevue area in a human trafficking scheme. Defense counsel responded that Heurtelou was unaware of the human trafficking aspect of the victims' lives;

> I think that it is fair to say that [Heurtelou] did not understand or know that these individuals were involved in human trafficking. . . .
> . . . .
> . . . I am sure that what he is hearing about these women and the other things that they have been subjected to, it is even more painful.

Heurtelou did not object to any portion of the State's presentation. The court imposed a sentence of 297 months, commenting that there appeared to be no distinction between Heurtelou's conduct and that of his accomplice. Heurtelou appeals the sentence.

Ordinarily, a sentence within the standard range may not be appealed. RCW 9.94A.585(1). Few exceptions to this rule exist. State v. Mail, 121 Wn.2d 707, 713, 854 P.2d 1042 (1993). One exception is where the appellant challenges the procedure by which the trial judge arrived at the sentence. Mail, 121 Wn.2d at 711.

2

Heurtelou contends that the procedure by which the trial judge arrived at the sentence imposed in this case violated a statute providing that the court "may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing." RCW 9.94A.530(2). This statute is recognized as the source of what is known as the "real facts" doctrine. Mail, 121 Wn.2d at 711 n.2.

The same statute also provides, "Acknowledgment includes not objecting to information stated in the presentence reports and not objecting to criminal history presented at the time of sentencing." RCW 9.94A.530(2). Heurtelou contends that it was error for the court to consider the details about his accomplice's sentence and the lives of the victims because he did not agree to or acknowledge these facts.

Defense counsel clearly acknowledged the information provided about the sentence imposed upon the accomplice. It is true that he did not explicitly acknowledge the truth of the information about the victims, and that information was not stated in a presentence report. Nevertheless, under Mail, Heurtelou's failure to raise a timely and specific objection to the court's consideration of the information still constitutes an acknowledgment for purposes of RCW 9.94A.530(2). Mail, 121 Wn.2d at 711-12. Accord State v. Grayson, 154 Wn.2d 333, 338-39, 111 P.3d 1183 (2005) (acknowledged facts include all those facts presented or considered during sentencing that are not objected to by the parties.) This is because a sentencing court is obligated to consider other

3

information and arguments in addition to what is included in a presentence report. Former RCW 9.94A.110 (2000); Mail, 121 Wn.2d at 711.

In order to escape the prohibition against appealing a standard range sentence, an appellant like Heurtelou must show either that the trial court refused to consider information mandated by RCW 9.94A.500(1) or that he "timely and specifically objected to the consideration of certain information and that no evidentiary hearing was held." Mail, 121 Wn.2d at 713. Because Heurtelou has not made this showing, we may not review his standard range sentence.

Appeal denied.

Becker, J.

WE CONCUR:

Spearman, C.J.

Dwyer, J.

4