IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35235-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SANTIAGO * AYALA PINEDA, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Santiago Pineda appeals from the trial court's decision not to grant him a "Family and Offender Sentencing Alternative" (FOSA) sentence. Agreeing with the trial court that Mr. Pineda did not qualify for FOSA, we affirm.

FACTS

Mr. Pineda was convicted by a jury of one count of residential burglary on March 24, 2017. At sentencing, he requested that the court either impose a FOSA sentence or a Drug Offender Sentencing Alternative (DOSA). The Department of Corrections (DOC) performed a general risk assessment to screen Mr. Pineda's eligibility for FOSA.

The assessment was not flattering. Noting Mr. Pineda's arrest record dating back to 2000, his involvement in gang activities, and the fact that his most recent community supervision had taken two years to complete instead of one due to his failure to make

himself available for supervision, the report recommended against an alternative sentence on community safety grounds. The report revealed that Mr. Pineda was the father of two or three of his ex-wife's children, and had recently had a child by his current girlfriend, an active gang member. There was no formal custody arrangement for his children. The three children by his ex-wife stayed with him every other weekend, and he was welcome to visit them at her house any time. He also told the report writer that while he was not listed on the birth certificate, there was no question of paternity concerning the new child.

The trial court denied the request for the two alternative sentences and imposed a standard range term of 25 months. In imposing sentence, the court stated:

> The Court will also further find that based on the report, the Court will balance the report from the Department of Corrections—the balancing issues as set forth in that order. The Court is persuaded on the State's argument to the extent of the defendant's criminal history and his likelihood of success and the ability to cooperate with the Department of Corrections as set forth in that order. The Court will indicate that there's been no new evidence to support the alternatives.
>
> Therefore, based on the current count of residential burglary, class B felony, count I, as set forth in the sentencing guideline of the score of 5.5, Court will—as indicated, does have the ability to pay the financial obligations. Court will further find there's no restitution on this matter. Court will sentence the defendant to 25 months on count I. Court will not order any alternatives, FOSA or DOSA.

Report of Proceedings at 269-270. Defense counsel asked whether Mr. Pineda qualified for the FOSA due to physical custody and both attorneys asked for clarification of the ruling for appeal. The trial judge reiterated that he considered Mr. Pineda a danger to the

community and would not grant an alternative sentence because he found the risk

assessment report persuasive. The court stated that it also did not believe Mr. Pineda was

eligible for FOSA due to the lack of physical custody of the children.

Mr. Pineda appealed to this court. A panel considered the case without hearing

argument.

## ANALYSIS

The sole issue presented by this appeal is whether Mr. Pineda had physical

custody of his ex-wife's children[1] for purposes of the FOSA statute. We conclude that

Mr. Pineda's visitation with the children by his ex-wife does not constitute physical

custody of the children.

A defendant is only eligible for a FOSA if:

> (a) The high end of the standard sentence range for the current offense is greater than one year;
> (b) The offender has no prior or current conviction for a felony that is a sex offense or a violent offense;
> (c) The offender has not been found by the United States attorney general to be subject to a deportation detainer or order and does not become subject to a deportation order during the period of the sentence;
> (d) The offender signs any release of information waivers required to allow information regarding current or prior child welfare cases to be shared with the department and the court; and

---

[1] Because the youngest child was born after the commission of this crime, Mr. Pineda does not rely on that child to argue FOSA eligibility. *See* Brief of Appellant at 8 n.4; RCW 9.94A.655(1)(e).

3

(e) The offender has physical custody of his or her minor child or is a legal guardian or custodian with physical custody of a child under the age of eighteen at the time of the current offense.

RCW 9.94A.655(1). Once a trial court determines the eligibility of a defendant for a FOSA, it also "shall consider the offender's criminal history when determining if the alternative is appropriate." RCW 9.94A.655(4).

The decision to impose an alternative sentence typically is not reviewable. RCW 9.94A.585(1); *State v. Grayson*, 154 Wn.2d 333, 338, 111 P.3d 1183 (2005); *State v. Friederich-Tibbets*, 123 Wn.2d 250, 252, 866 P.2d 1257 (1994) (refusal to grant exceptional sentence). Instead, all that can be challenged is the trial court's failure to follow a *mandatory* procedure at sentencing. *State v. Mail*, 121 Wn.2d 707, 712, 854 P.2d 1042 (1993). Process-based challenges must point to a failure of the trial court to follow a specific process required by the Sentencing Reform Act of 1981, ch. 9.94A RCW. *Id*. The refusal to consider a statutorily authorized procedure is an abuse of discretion. *State v. Garcia-Martinez*, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). Discretion also is abused when the court uses an incorrect legal standard. *State v. Rundquist*, 79 Wn. App. 786, 793, 905 P.2d 922 (1995).

Here, Mr. Pineda claims that the trial court erred as a matter of law, and hence abused its discretion, by finding him ineligible for FOSA due to lack of physical custody

of the three children. It is doubtful that we need address his argument since the trial court specifically stated that it "balanced" the report from the DOC and the parties' arguments. The trial court did not fail to exercise its discretion or categorically refuse an alternative sentence in Mr. Pineda's case. *Grayson*, 154 Wn.2d at 343. By considering the sentencing alternative option, the trial court necessarily determined that even if Mr. Pineda was eligible, the FOSA was not appropriate in his case.

Nonetheless, we also agree with the trial court that Mr. Pineda did not have "physical custody" of the three children. The statute does not define physical custody and an effort to attempt a comprehensive definition is unnecessary in this case and unwise in the extreme given the numerous permutations on child care arrangements existing in one- and two-parent families in modern society. The issue will need to develop on a case-by-case basis.

Mr. Pineda exercised visitation with the children, but he was not a custodial parent. He did not provide a home for the children, supervise their daily activities, or otherwise provide regular permanent care. He maintained a relationship with the children and they stayed with him for five or six days a month. Their mother had custody and was the one providing daily care for the children. The children did not have to change homes or find a new custodian when Mr. Pineda was incarcerated. In short, the loss of Mr. Pineda's companionship did not alter the children's living arrangements. He was not a custodial parent.

The trial court did not err in concluding that Mr. Pineda was not a custodial parent. If the FOSA was designed for any parent who maintained a presence in his or her children's lives, it would have said so. Instead, the statute applies to those parents who exercise physical custody over the children, not those who supervise children overnight on a regular basis.

The court correctly determined that Mr. Pineda was not eligible for FOSA because he was not a custodial parent. The judgment is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Pennell, A.C.J.

_____
Siddoway, J.