IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35460-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| WILLIE JOE RICHARDSON, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Willie Joe Richardson appeals a standard range sentence imposed at a resentencing hearing. Because the trial court's sentencing decision is not reviewable, we affirm.

FACTS

A jury convicted Willie Joe Richardson of first degree murder in 1996. Due to the court's use of an incorrect birthdate, Mr. Richardson was erroneously sentenced based on an offender score of 3. The standard range for that sentence was 271 to 361 months. The sentencing court imposed a 361-month sentence, the maximum possible within the standard range in 1996.

In 2017, in response to a personal restraint petition filed by Mr. Richardson, the Washington Supreme Court ordered the Spokane County Superior Court to determine

Mr. Richardson's true birthdate and resentence him if necessary. The superior court conducted a reference hearing. It determined Mr. Richardson's birthdate and found that resentencing was necessary. As a result of the correction, his offender score at resentencing was reduced from 3 to 2. The standard sentencing range was reduced to 261 to 347 months under the 1996 sentencing guidelines.

A resentencing hearing was held on June 28, 2017. Mr. Richardson, raising the issue of his youth at the time of the incident, requested an exceptional downward departure from the sentencing guidelines. Alternatively, Mr. Richardson requested a low-range sentence of 261 months, the minimum within the standard range. He based that request on his postconviction good conduct record. In support of his request, Mr. Richardson provided the court with several letters attesting to his reformed character.

The State requested a high-end sentence of 347 months. It also opposed the court's consideration of Mr. Richardson's good conduct following his conviction. Instead, the State argued that the sentence "has to be crime based. The Court has to look at the facts of the case and . . . order an appropriate sentence." 1 Report of Proceedings (RP) (June 28, 2017) at 41.

The court imposed the maximum standard range sentence of 347 months. The court made a record of what it had used to prepare for the sentencing:

2

I do want to note what I reviewed because I didn't try the case. I did go back and read the file. It was a lengthy file, a lot of documents filed. I have the briefing from both sides for the sentencing. I, also, have the letters of support for Mr. Richardson that [were] provided by counsel and the reference letters. I went back and read the Court of Appeals' decision.

The State had them pull and bring the photographs that were exhibits at the original trial. So the Court did view those exhibits that were listed.

*Id*. at 43-44. The court took note of the murder and lengths to which Mr. Richardson went to cover it up:

[Y]ou were a lot more sophisticated than someone who's 18 and a half.
. . . .
Looking at the whole history of how this case came about and how it started and how it ended, I believe you were more sophisticated at that time based on especially the times that you had been through the system.

*Id*. at 45. The court also weighed Mr. Richardson's crime against his postconviction conduct:

You got to live a life. You have a son now if I remember from the reference hearing. You have a wife. You've made some good things of yourself, but I look back and I look at Ms. Dixon [and she] has nothing and never had children, never got to be grown up. So the Court looks at [that] and do I think that you deserve the low end because you've done things since then? I'm glad you had a life to live. I'm sad that Ms. Dixon didn't.

The Court is going to sentence you to the high end of the [range:] 347 months.

*Id*. at 45-46.

Mr. Richardson filed this timely appeal challenging his sentence.

3

ANALYSIS

A standard range sentence is generally not appealable. RCW 9.94A.585(1).

Exceptions apply if the sentencing judge commits procedural, constitutional, or legal

error. *State v. Williams*, 149 Wn.2d 143, 147, 65 P.3d 1214 (2003); *State v. Mail*,

121 Wn.2d 707, 710-13, 854 P.2d 1042 (1993).

Mr. Richardson claims his standard-range sentence fits within one of the

exceptions to the statutory ban on appeals because the trial court failed to recognize

postconviction conduct as a basis for a low-end sentence. We disagree with this

characterization of the record. Although the State erroneously suggested the court could

not impose a low-end sentence based on Mr. Richardson's postconviction conduct,

nothing in the record suggests that the experienced sentencing judge adopted the State's

legal position, or that the sentencing judge failed to recognize her broad discretion to

select a sentence within the standard range.[1] The record indicates the trial court

acknowledged Mr. Richardson's efforts to improve himself, but nevertheless opted to

---

[1] The State cited case law applicable to a defense request for an exceptional sentence downward without differentiating between factors that may be considered for an exceptional sentence and those that may be considered for a sentence within the standard range. Unlike the restrictions surrounding an imposition of an exceptional sentence, a sentencing judge has almost unfettered discretion in assessing factors deemed relevant to issue a standard range sentence. *Mail*, 121 Wn.2d at 711 n.2.

4

impose a high-end sentence based on the nature of the crime. This decision was fully within the trial court's discretion. It is not reviewable on appeal.[2]

CONCLUSION

The judgment of conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____  _____
Lawrence-Berrey, C.J.    Fearing, J.

---

[2] Mr. Richardson has also filed a statement of additional grounds for review alleging four additional criticisms of the trial court's sentencing decision. His complaints primarily amount to disagreement with the trial court's exercise of discretion and are not appealable. RCW 9.94A.585(1). To the extent Mr. Richardson objects to the facts relied on by the trial court, his challenge fails based on the lack of a timely objection. RCW 9.94A.530(2); *see also Mail*, 121 Wn.2d at 711-12.