# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of | No. 59310-6-II |
| DAWN RENEE ROLFE, | |
| Petitioner. | UNPUBLISHED OPINION |

GLASGOW, J.—Dawn Renee Rolfe was convicted of three counts of conspiracy to commit murder and one count of second degree unlawful possession of a firearm following a jury trial. Two of the conspiracy convictions were reversed on appeal because they violated double jeopardy and Rolfe was resentenced.

Rolfe then filed a timely personal restraint petition (PRP). She argues that she received ineffective assistance of counsel at trial and at resentencing, the State unconstitutionally withheld evidence and improperly communicated with the jury, the trial court erred at resentencing, and the trial judge should have recused herself from the resentencing hearing. We disagree and deny her petition.

FACTS

Dawn and Richard Rolfe were married for more than 25 years before Richard left Dawn and moved to his mother Penny's 23-acre property.[1] A few months later, Richard began dating

---

[1] *State v. Rolfe*, No. 83432-1-I, slip op. at 1 (Wash. Ct. App. Apr. 18, 2022) (unpublished), https://www.courts.wa.gov/opinions/pdf/834321.pdf

Stacy Peabody, and Peabody eventually moved in with Richard. Upon learning about Richard and Peabody's relationship and in light of her deteriorating financial situation, Rolfe became angry and resentful.

One day, over drinks with her friend and coworker, Brenda Mortensen, Rolfe explained that she wanted to kill Richard, Penny, and Peabody. Rolfe revealed that she had been planning their deaths for a couple of months and hoped to find someone to carry out the murders and make it look like a home invasion. Rolfe said she was willing to do it herself if she had to.

Alarmed by the conversation with Rolfe, Mortensen contacted law enforcement and agreed to assist them in an investigation. Mortensen continued to meet with Rolfe and offered assistance in obtaining an untraceable firearm while secretly recording their conversations. After Rolfe went to Mortensen's house to pick up the gun, police arrested her. The State charged Rolfe with one count of second degree unlawful possession of a firearm and three counts of first degree attempted murder with firearm enhancements and, in the alternative, three counts of conspiracy to commit first degree murder with firearm enhancements.

The parties engaged in plea negotiations, and the parties dispute whether the plea negotiations contemplated a plea of guilty solely to three counts of attempted murder or whether plea negotiations were, at some point, about a potential plea to three counts of conspiracy to commit murder. The State would not agree to a sentence less than 20 years. The parties were unable to reach an agreement.

At trial, the jury heard approximately three hours of recordings between Mortensen and Rolfe. The State also introduced a recording of Rolfe's interview with Detective Lorenzo Gladson. The jury also heard testimony from Rolfe, Richard, Penny, Rolfe's son, and other police officers

2

involved in the investigation. Rolfe testified that she never actually intended to harm Richard, Peabody, or Penny.

The jury found Rolfe not guilty of three counts of first degree attempted murder but guilty of three counts of first degree conspiracy to commit murder, with firearm enhancements, and second degree unlawful possession of a firearm. The trial court imposed a sentence totaling 398.25 months of confinement. Rolfe appealed, and Division One held that the multiple conspiracy convictions violated double jeopardy. Accordingly, Division One remanded to the trial court to vacate two of the conspiracy counts and for resentencing. *Rolfe*, slip op. at 1.

The same trial court judge who presided over the trial, also presided over the resentencing hearing. The State argued in favor of the high end of the standard sentence range. Rolfe argued for an exceptional sentence downward of 10 years total confinement. Rolfe emphasized that during plea negotiations, both parties negotiated based on the mistaken belief that her offender score would be higher based on the multiple charges, which were ultimately ruled to be in violation of double jeopardy by the appellate court. Rolfe argued,

> And I think the position of the prosecutors were, hey, we got three victims. There's all these points, she's looking at all this time.
> So, I would argue that Miss Rolfe, you know, she never got fair plea negotiations. And, unfortunately, we can't go back and say, okay, now that we know what the points should be, let's go back and start plea negotiations, and we can talk about a reasonable offer. We can't do that, because trial happened and she's been convicted.
> . . . .
> It's prejudicial to her that she never got a fair plea offer, because I don't think the State would come down to less than 20 years.

1 Verbatim Rep. of Proc (VRP) (Dec. 19, 2022) at 76-77.

The trial court ultimately accepted the State's recommendation and resentenced Rolfe to a total of 309.75 months of confinement.

ANALYSIS

To prevail in a PRP, the petitioner must establish by a preponderance of the evidence a constitutional error that resulted in actual and substantial prejudice or a fundamental defect of a nonconstitutional nature that inherently resulted in a complete miscarriage of justice. *In re Pers. Restraint of Meredith*, 191 Wn.2d 300, 306, 422 P.3d 458 (2018). Establishing "actual and substantial prejudice" means more than merely showing the possibility of prejudice; the petitioner must establish that if the alleged error had not occurred, the outcome more likely than not would have been different. *In re Pers. Restraint of Meippen*, 193 Wn.2d 310, 315-16, 440 P.3d 978 (2019).

I. INEFFECTIVE ASSISTANCE OF COUNSEL

A.     Legal Principles

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee criminal defendants the right to effective assistance of counsel. *State v. Vazquez*, 198 Wn.2d 239, 247, 494 P.3d 424 (2021). To prevail on an ineffective assistance of counsel claim, a petitioner must show both that defense counsel's performance was deficient and that the deficient performance was prejudicial. *Id*. at 247-48. Because both prongs of the ineffective assistance of counsel test must be met, the failure to demonstrate either prong will end this court's inquiry. *State v. Classen*, 4 Wn. App. 2d 520, 535, 422 P.3d 489 (2018).

A petitioner's right to effective assistance of counsel extends to plea negotiations. *State v. Sprague*, 16 Wn. App. 2d 213, 237, 480 P.3d 471 (2021). This obligation includes communicating all offers. *State v. Edwards*, 171 Wn. App. 379, 394, 294 P.3d 708 (2012). The right to effective assistance of counsel also involves "'assisting the defendant in making an informed decision as to

whether to plead guilty or to proceed to trial.'" *State v. Estes*, 188 Wn.2d 450, 464, 395 P.3d 1045 (2017) (quoting *State v. A.N.J.*, 168 Wn.2d 91, 111, 225 P.3d 956 (2010)). "Counsel must, at a minimum, 'reasonably evaluate the evidence against the accused and the likelihood of a conviction if the case proceeds to trial so that the defendant can make a meaningful decision as to whether or not to plead guilty.'" *Estes*, 188 Wn.2d at 464 (quoting *A.N.J.*, 168 Wn.2d at 111-12).

Appellate courts apply "exceptional deference" when "evaluating counsel's strategic decisions," and "[i]f trial counsel's conduct can be characterized as legitimate trial strategy or tactics," it will not support a claim of ineffective assistance. *State v. McNeal*, 145 Wn.2d 352, 362, 37 P.3d 280 (2002). "To rebut the presumption of reasonableness, a defendant must establish an absence of any legitimate trial tactic that would explain counsel's performance." *In re Pers. Restraint of Lui*, 188 Wn.2d 525, 539, 397 P.3d 90 (2017). The petitioner must prove that "counsel's performance fell below an objective standard of reasonableness in light of all the circumstances." *Id.* at 538.

For ineffective assistance of counsel, prejudice exists if there is a reasonable probability that, except for defense counsel's deficient performance, the result of the proceeding would have been different. *Vazquez*, 198 Wn.2d at 248. In the context of plea negotiations, to establish prejudice "the 'defendant must show the outcome of the plea process would have been different with competent advice.'" *State v. Drath*, 7 Wn. App. 2d 255, 267, 431 P.3d 1098 (2018) (quoting *Lafler v. Cooper*, 566 U.S. 156, 163, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012)). The question is whether defense counsel's performance were not deficient, there is a reasonable probability that the defendant "would have negotiated a different outcome." *Estes*, 188 Wn.2d at 466. However,

"[u]ncertainty about the outcome of plea bargain negotiations should not prevent reversal where confidence in the outcome is undermined." *Id*. at 464.

A petitioner who successfully demonstrates prejudice in an ineffective assistance of counsel claim necessarily has shown actual and substantial prejudice sufficient to obtain collateral relief. *State v. K.A.B.*, 14 Wn. App. 2d 677, 707-08, 475 P.3d 216 (2020).

B.      Plea Negotiations

Rolfe contends that she received ineffective assistance of counsel when counsel failed to determine that the State's plea offer, which she alleges was premised on three counts of conspiracy, violated double jeopardy. She argues that had counsel alerted the State that a proposed plea to three charges of conspiracy would violate double jeopardy, the State would have made her a more favorable plea offer. She implies that she would have accepted a more favorable plea offer.

Even if we were to assume that the plea negotiations at some point involved a potential plea to three counts of conspiracy, and that counsel performed deficiently by failing to identify that the three conspiracy convictions would violate double jeopardy, Rolfe's argument still fails because she cannot establish prejudice. There is nothing in the record or accompanying Rolfe's PRP suggesting that the State would have made Rolfe a better offer than 20 years (240 months), regardless of the number of convictions, but Rolfe was seeking a sentence less than 10 years. *See* 1 VRP (Dec. 19, 2022) at 77. In fact, at resentencing, Rolfe's counsel commented that they did not think the State ever would have offered less than 20 years and Rolfe was seeking "around eight years." *Id.* Because Rolfe fails to show that she and the State could have agreed on a lower sentence had she pleaded guilty, even presuming that her defense counsel was deficient, she fails to establish prejudice and her argument fails.

C.      Failure to Investigate

Rolfe also contends that she received ineffective assistance of counsel because counsel failed to adequately investigate and gather evidence in her defense.

To be effective, trial counsel must investigate the case. *See State v. Jones*, 183 Wn.2d 327, 339, 352 P.3d 776 (2015). This duty to investigate includes interviewing witnesses. *Id*. Counsel's duty includes making reasonable investigations, or making a reasonable decision that renders particular investigations unnecessary. *See also In re Pers. Restraint of Gomez*, 180 Wn.2d 337, 355, 325 P.3d 142 (2014).

Rolfe contends that counsel should have obtained additional text messages between her and Mortensen. But she fails to identify how this evidence would have aided her case and therefore fails to establish prejudice.

D.      Failure to Call or Cross-Examine Witnesses

Rolfe also contends that she received ineffective assistance of counsel because counsel did not attempt to subpoena any witnesses and inadequately cross-examined witnesses during trial.

The decision whether to call a witness is generally presumed to be a matter of trial strategy or tactics. *In re Pers. Restraint of Morris*, 176 Wn.2d 157, 171, 288 P.3d 1140 (2012). "Courts generally entrust cross-examination techniques . . . to the professional discretion of counsel." *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 720, 101 P.3d 1 (2004). We recognize that the extent of cross-examination is something the attorney must decide quickly and in the heat of the moment. *Id.*

Rolfe does not identify what evidence counsel could have obtained from calling additional witnesses or from additional cross-examination at trial. Rolfe and counsel developed a defense

theory centered upon her contention that she was simply engaged in a fantasy, and counsel's strategic decisions at trial were consistent with that theory. Rolfe fails to carry her burden to show prejudice.

E.      Failure to Object to Trial Testimony

Rolfe also contends that she received ineffective assistance of counsel because her counsel did not object to the jury hearing statements Detective Gladstone made when interviewing Rolfe. But Rolfe raised this issue in her direct appeal, and Division One held that "[g]iven the overwhelming evidence, there is no reasonable probability the outcome of the trial would have been different with an objection." *Rolfe*, slip op. at 4-6, 7. Rolfe's claim fails.

F.      Failure to Prepare Rolfe to Testify

Rolfe also contends that she received ineffective assistance of counsel because counsel failed to adequately prepare her to testify during trial.

The record is silent as to how Rolfe prepared to testify at trial, and she cannot show she was prejudiced. Rolfe testified articulately and thoroughly throughout her direct and cross-examinations. Her testimony was largely consistent with her defense theory that her discussion of killing her ex-husband, his mother, and his girlfriend were delusional fantasies of a scorned woman. Because she has not established that more preparation would have had any practical effect on the outcome of her trial, Rolfe fails to show prejudice, and this ineffective assistance claim also fails.

G.      Other Ineffective Assistance of Counsel Claims

Rolfe also contends that she received ineffective assistance of counsel because counsel was on his phone during trial, told her he believed she was guilty, failed to assist her in finding a new

attorney after she expressed wanting one, and advised her not to show remorse at sentencing. But these claims are based on matters outside the record, and Rolfe has not demonstrated that she has competent, admissible evidence supporting the allegations. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 18, 296 P.3d 872 (2013). These ineffective assistance claims also fail.

## II. MISCONDUCT BY THE STATE

Rolfe also contends that the State withheld text messages between herself and their informant and that the State "advised the jury over the phone." Pers. Restraint Pet. at 16-17. These claims are based on matters outside the record and Rolfe has not demonstrated that she has competent, admissible evidence supporting the allegations. *Yates*, 177 Wn.2d at 18. Additionally, Rolfe does not identify how, when, or as to what the State allegedly spoke to the jury over the phone. She also fails to identify what the allegedly withheld text messages would have shown. Moreover, she does not establish any prejudice stemming from these allegations. Therefore, these claims for relief fail.

## III. RESENTENCING

Rolfe claims that the trial court judge erred at resentencing by considering facts not in evidence and by stating that there were three victims. Former RCW 9.94A.530(2) (2008), provides in part, "In determining any sentence other than a sentence above the standard range, the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing, or proven pursuant to RCW 9.94A.537." But to be entitled to raise this issue, Rolfe must first show that she raised a "timely and specific objection" to the sentencing court's consideration of the allegedly improper information. *State v. Grayson*, 154 Wn.2d 333, 338, 111 P.3d 1183 (2005). Moreover, defendants

who receive a standard range sentence must object to unproven assertions of fact presented at sentencing to preserve error. *State v. Mail*, 121 Wn.2d 707, 711-12, 854 P.2d 1042 (1993). Rolfe fails to make this showing, and her argument therefore fails.

Rolfe also contends that the trial court judge erred by not recusing herself from the resentencing hearing. We presume that a judge acts without bias or prejudice. *In re Pers. Restraint of Swenson*, 158 Wn. App. 812, 818, 244 P.3d 959 (2010). An appearance of fairness claim cannot survive without evidence of actual or potential bias. *Id*. "[A] defendant who has reason to believe that a judge should be disqualified must act promptly to request recusal and 'cannot wait until he has received an adverse ruling and then move for disqualification.'" *Id. (*quoting *State v. Carlson*, 66 Wn. App. 909, 917, 833 P.2d 463 (1992)). Rolfe makes no showing that there was any evidence of actual or potential bias such that the trial court judge needed to recuse from resentencing.

## CONCLUSION

We deny Rolfe's personal restraint petition.

No. 59310-6-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

GLASGOW, J.

We concur:

VELJACIC, A.C.J.

PRICE, J.