IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>    Respondent,<br><br>    v.<br><br>LUIS REA BARKER,<br><br>    Appellant. | No. 88023-3-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, C.J. — Luis Barker appeals from the standard-range sentence imposed on his conviction for murder in the second degree with a firearm following resentencing pursuant to *State v. Blake*.[1]  Barker asserts that we may review his standard-range sentence because the procedure by which the court imposed it deprived him of a constitutional right.  Because Barker does not specifically identify the constitutional right on which he relies for relief, does not provide decisional authority supportive of the existence of such a right, and does not present persuasive argument in support of extending such authority to the matter before us, we may not review his sentence.[2]  Accordingly, we dismiss his appeal.

---

[1] 197 Wn.2d 170, 481 P.3d 521 (2021).

[2] Barker also requests that we remand this matter for the superior court to strike the DNA collection fee from his judgment and sentence.  We decline to do so.  However, this ruling does not preclude him from following the procedure set forth in RCW 43.43.7541(2) to request the sought-after relief in the superior court.  In addition, Barker submits a pro se statement of additional grounds for review.  As discussed in Part II, *infra*, none of the grounds presented merit appellate relief.

FACTS

In August 2012, the State charged Luis Barker with one count of premeditated murder in the first degree, one count of murder in the first degree while committing or attempting to commit the crime of kidnapping in the first or second degree, and one count of unlawful possession of a firearm in the first degree. Both of the murder charges also carried firearm enhancement allegations.

In 2013, the parties reached a negotiated resolution wherein Barker entered a guilty plea to one count of murder in the second degree while armed with a firearm pursuant to the signed plea agreement filed with the court. The plea agreement, as pertinent here, set forth the terms of his guilty plea to the crime as charged in the amended information, his stipulation to his prior convictions which included a 1993 conviction for one count of unlawful possession of a controlled substance, his stipulation to an offender score of 8, and his acknowledgement stating, "I understand that if a standard range sentence is imposed upon an agreed offender score, the sentence cannot be appealed by anyone." A document captioned as "Statement of Defendant on Plea of Guilty to Non-Sex Offense" contained the parties' sentencing recommendations which stated,

> State will recommend 357 months plus 60 month FASE[3] for a total of 417 months, Defense will recommend 257 months plus 60 month FASE for a total of 317 months. 36 months community custody, $500 [crime victim penalty assessment], $200 [c]osts, $100 DNA [collection fee], $400 DAC,[4] [r]estitution, [no contact order] w[ith] [v]ictim's family.

---

[3] FASE is shorthand for firearm sentencing enhancement. A mandatory consecutive term of 60 months in prison is imposed pursuant to RCW 9.94A.533(3)(a) where the State has proved the elements of the firearm enhancement under RCW 9.94A.533(3).

[4] This appears to be a fee related to the Pierce County Department of Assigned Counsel.

Barker's standard sentencing range, based on his stipulated offender score of 8, was 257 to 357 months in prison. The court imposed a total term of 357 months, the high end of the total standard range, followed by the mandatory consecutive 60-month firearm enhancement.

Eight years later, in March 2021, Barker filed a motion under CrR 7.8(b) seeking correction of his offender score and resentencing based on his prior conviction for unlawful possession of a controlled substance pursuant to our Supreme Court's decision in *State v. Blake*.[5] In December 2021, the court granted his motion and vacated his prior conviction. The court determined that his offender score was 7, instead of 8, and the resulting total standard range was 276 to 376 months, including the mandatory firearm enhancement. The court imposed a total term of confinement of 310 months, near the middle of the standard range.

Barker filed his notice of appeal in Division Two of this court on October 24, 2022, well outside the 30-day timeframe for appeal established in RAP 5.2. Barker and his counsel were notified that the appeal would be dismissed if no other steps were taken to address the procedural deficiency. On January 24, 2023, a commissioner dismissed Barker's appeal as untimely, and the mandate issued on March 8. On July 19, Barker filed a pro se motion to recall the mandate, arguing that he had not received notice from this court regarding the untimeliness of his appeal until such notice was attached to a trial court order on one of his prior CrR 7.8 motions. The clerk of Division Two granted the motion and withdrew the

---

[5] In *Blake*, the court held that Washington's drug possession statute, former RCW 69.50.4013(1) (2017), which "criminaliz[ed] innocent and passive possession," was unconstitutional and void as it "violate[d] the due process clauses of the state and federal constitutions." 197 Wn.2d at 195.

- 3 -

mandate on July 25. Barker then filed a motion to enlarge time to file his direct appeal, now roughly 20 months since he had been resentenced, and asserted that, at the time of his December 2021 resentencing, he had not been advised of his right to appeal from the standard range sentence that was imposed. The State, in response, argued that Barker had not established an extraordinary circumstance justifying a departure from RAP 5.2 because he conceded in a declaration that he had not reached out to counsel to inquire about his right to appeal until "late 2022." The State also argued that it had carried its burden to prove that Barker had waived his right to appeal because, according to the State, the court's advisement at his original 2013 sentencing was sufficient to notify him of this right and there was no requirement for the court to repeat that notice upon resentencing. A commissioner ruled that the State had failed to satisfy its burden and granted Barker's motion to enlarge the time to file.[6]

ANALYSIS

I.      Challenge to Imposition of Standard Range Sentence

Barker asserts that we may review the standard range sentence that he received on his plea agreement because the procedure by which the court imposed such sentence deprived him of a constitutional right. We disagree.

We have stated that

[a]s a general rule, a standard range sentence under the Sentencing Reform Act of 1981 (SRA) is not appealable. [*State v. Friederich-Tibbets*, 123 Wn.2d 250, 252, 866 P.2d 1257 (1994); former RCW 9.94A.210(1) (1989)]. However, the Supreme Court has observed, in dicta, that errors of constitutional magnitude would necessarily

---

[6] In April 2025, Division Two of this court transferred Barker's appeal to Division One of this court.

- 4 -

overcome the SRA's statutory prohibition. [*State v. Mail*, 121 Wn.2d 707, 712-13, 854 P.2d 1042 (1993) (citing *State v. Herzog*, 112 Wn.2d 419, 423, 771 P.2d 739 (1989)).] . . . The reviewability of [a defendant's] claimed error depends upon whether it raises a constitutional issue.

*State v. Sandefer*, 79 Wn. App. 178, 180-81, 900 P.2d 1132 (1995) (footnotes omitted).[7]

Barker asserts that we may review the standard range sentence imposed on his plea agreement because the imposition of that term of confinement raises a constitutional issue. Notably, however, his briefing does not specifically identify either a provision of the state or federal constitutions implicated by the court's decision on resentencing or a constitutional right implicated thereby.

Instead, he contends that the United States Supreme Court's decision in *United States v. Tucker*[8] and the constitutional issues discussed therein, entitle him to appellate review. Our Supreme Court has previously considered *Tucker* and the United States Supreme Court's related decision in *Townsend v. Burke*,[9] in discussing the type of constitutional issue that may give rise to appellate authority to consider an appeal from a standard range sentence imposed under the SRA. *See Mail,* 121 Wn.2d at 713. The court, in dicta, explained that, apart from the statutory limitations provided in the SRA,

> the only other possible limitation on the judge's discretion might be found in the provisions of our state and federal constitutions. *Herzog*, at 423. In *Herzog*, we "assume[d] without deciding" that constitutional challenges to a standard range sentence are always allowed, regardless of the clear prohibition of RCW 9.94A.210(1).

---

[7] We note that the same reasoning applies to a negotiated plea agreement. *See In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 872, 50 P.3d 618 (2002) ("[A] defendant cannot, by way of a negotiated plea agreement, agree to a sentence in excess of that authorized by statute.").

[8] 404 U.S. 443, 92 S. Ct. 589, 30 L. Ed. 2d 592 (1972).

[9] 334 U.S. 736, 68 S. Ct. 1252, 92 L. Ed. 1690 (1948).

> *Herzog*, at 423. That case involved a defendant's claim that the sentencing judge's consideration of a constitutionally invalid conviction violated his due process rights, even though he received a sentence within the proper standard range. Although we ultimately denied the defendant relief, we did note that a constitutional problem would be raised if a judge relies upon "material facts of constitutional magnitude that are not true". *Herzog*, at 431 (citing *United States v. Tucker*, 404 U.S. 443, 92 S. Ct. 589, 30 L. Ed. 2d 592 (1972); *Townsend v. Burke*, 334 U.S. 736, 68 S. Ct. 1252, 92 L. Ed. 1690 (1948)).

*Mail*, 121 Wn.2d at 712-13 (alteration in original) (footnote omitted). The *Herzog* court stated that appellate review of a standard range sentence was authorized in both *Tucker* and *Townsend* because "factual errors were made in the sentencing proceedings." 112 Wn.2d at 428. It went on to explain that, in *Tucker*,

> the trial judge gave "explicit attention" to the defendant's three prior felony convictions and then sentenced him to 25 years in prison, the maximum term authorized by statute. *Tucker*, 404 U.S. at 444. In a *subsequent* proceeding, it was determined that two of the three prior felony convictions were constitutionally invalid, since the defendant had been unrepresented by counsel and had neither been advised of his right to counsel nor had he intelligently waived that right.
>
> In reversing the sentence and remanding for resentencing, the five Justices on the *Tucker* majority held:
>> For we deal here, not with a sentence imposed in the informed discretion of a trial judge, but with a sentence founded at least in part upon *misinformation* of constitutional magnitude. As in *Townsend v. Burke*, 334 U.S. 736, [92 L. Ed. 1690, 68 S. Ct. 1252 (1948)] "this prisoner was sentenced on the basis of assumptions concerning his criminal record which were *materially untrue*." *Id.*, at 741. . . .
>>
>> . . . For the real question here is not whether the results of the Florida and Louisiana proceedings might have been different if the respondent had had counsel, but whether the sentence in the 1953 federal case might have been different *if the sentencing judge had known* that at least two of the respondent's previous convictions had been unconstitutionally obtained.
>
> (Italics ours.) *Tucker*, 404 U.S. at 447-48.

- 6 -

*Herzog*, 112 Wn.2d at 426-27 (alterations in original). The *Herzog* court further clarified that, in *Townsend*,

> the Court discussed the propriety of a sentencing judge relying upon factually incorrect information pertaining to the defendant's criminal history. In that case, the Court held that "it is the careless or designed pronouncement of sentence on a foundation so extensively and materially false . . . that renders the proceedings lacking in due process."

*Id.* at 428 (quoting *Townsend*, 334 U.S. at 741). Our Supreme Court concluded that, based on the reasoning in those cases, "[i]t was the fact that the judge had relied upon the conviction, unaware of its invalidity, that violated the defendant's due process rights," thereby enabling appellate review. *Id.* at 428 (emphasis omitted).

On appeal, Barker does not assert that the trial court herein relied on an invalid conviction at his resentencing hearing when it determined the applicable statutory sentencing range as revised post-*Blake*. Nor does he assert that the court erred when it determined his offender score or the applicable sentencing range. Nor, for that matter, does he assert that, in imposing a sentence within that standard range, the court relied on "'material facts of constitutional magnitude that are not true.'" *Mail*, 121 Wn.2d at 713 (quoting *Herzog,* 112 Wn.2d at 431 (citing *Tucker*, 404 U.S. 443; *Townsend*, 334 U.S. 736)).

Rather, Barker contends that when a sentencing court vacates a conviction at a resentencing hearing, a constitutional issue arises if the court does not further inquire into the collateral effects that such a vacation would have on a defendant's previously completed sentences and does not reduce the sentence imposed at

resentencing in accordance with the time served on those unrelated sentences had the defendant never been convicted of the relevant now-vacated conviction.

The foregoing decisional authority, including *Tucker*, does not expressly support that the circumstance described by Barker raises a constitutional issue. On this basis, Barker's claim fails. Nevertheless, even if Barker were requesting that we extend the reasoning set forth therein to the matter before us, his claim would also fail because his briefing does not set forth adequate analysis or argument in support of such an extension.

Thus, he does not demonstrate the existence of a constitutional issue arising from the sentence imposed in this matter. Accordingly, he does not establish that we may review the sentence in question.[10]

## II.     Statement of Additional Grounds for Review

Barker submitted a pro se statement of additional grounds (SAG) for our review. None of the bases therein establish an entitlement to appellate relief.

RAP 10.10(a) provides as follows:

---

[10] For the first time in reply, Barker also relies on our decision in *State v. Markovich*, 19 Wn. App. 2d 157, 172-73, 492 P.3d 206 (2021). Separate from our long-established rule that we do not consider arguments raised for the first time in reply, *see State v. Pervez*, 15 Wn. App. 2d 265, 272 n.11, 478 P.3d 103 (2020) ("argument raised for the first time in a reply brief is too late for consideration"), his reliance on *Markovich* is unavailing.

There, pursuant to *State v. Blake*, we determined that a defendant whose sentence was based on an out-of-state conviction for unlawful possession of a controlled substance was entitled to resentencing because a foreign conviction for such a crime could not be subjected to a comparability analysis when our Supreme Court had invalidated the criminal statute to which the statute underlying the foreign conviction would have been compared. *Markovich*, 19 Wn. App. 2d at 174. Nowhere in *Markovich* did we mandate an inquiry into the collateral consequences of the exclusion of an incomparable out-of-state conviction from the calculation of an offender score or the reduction of a term of confinement arising from a Washington conviction on that basis. Barker does not present adequate argument or authority in support of applying this decision to the matter before us or extending our holding therein to such circumstances. Thus, his claim in this regard also fails.

> In a criminal case on direct appeal, the defendant may file a pro se statement of additional grounds for review to identify and discuss those matters related to the decision under review that the defendant believes have not been adequately addressed by the brief filed by the defendant's counsel.

Additionally, RAP 10.10(c) provides that

> [r]eference to the record and citation to authorities are not necessary or required, but the appellate court will not consider a defendant's statement of additional grounds for review if it does not inform the court of the nature and occurrence of alleged errors. . . . [T]he appellate court is not obligated to search the record in support of claims made in a defendant's statement of additional grounds for review. Only documents that are contained in the record on review should be attached or referred to in the statement.

Barker's first additional ground for review states that we may consider his appeal from the resentencing hearing because, in signing the plea agreement in this matter, he did not waive his right to appeal from a term of confinement imposed on resentencing. This challenge fails. As discussed herein, in order for this court to have authority to review a standard range sentence, Barker must raise a constitutional issue implicated by the imposition of such a sentence and, as we concluded in Part I, *supra*, he has not raised such an issue. Therefore, regardless of the language of his plea agreement, he has not established a predicate necessary for our review of this alleged issue.

Barker's second additional ground for relief challenges the sentencing court's imposition of a term of confinement near the middle of the standard range. However, several of the matters that he identifies are duplicative of those raised in his appellate counsel's briefing and, therefore, we do not consider them. Other grounds regard matters not contained in the record on review, not attached to his SAG, or unrelated to the matter on direct appeal, which we also do not consider.

*See* RAP 10.10(a), (c). Additionally, he avers that the sentencing court did not consider his rehabilitative efforts while incarcerated. To the contrary, the record in this matter reflects that the court expressly did so: it acknowledged "what [he's] done to better [him]self in terms of job skills, also [his] compliance with programs while in Department of Corrections" and imposed a sentence in the middle of the standard range, rather than at the high end as previously imposed at his original sentencing in 2013.[11] Given all of this, Barker's second additional ground for relief also fails.

Barker's third additional ground in his SAG relates to other judgments and sentences entered on prior convictions, including his challenge that "'but for' the State's illegal unlawful possession of a controlled substance conviction the Appellant would not have been convicted of the later charge of unlawful possession of a short firearm" in 1994. None of the challenges in this portion of his SAG are related to the matter on direct review. We therefore do not consider them. *See* RAP 10.10(a).

Barker's fourth and final challenge in his SAG states that the sentencing court improperly imposed a community custody condition subjecting him to chemical dependency treatment. In so stating, Barker relies on a provision of his

---

[11] He also relies on, among others, an unpublished decision of this court, *State v. Martin*, offering it as persuasive authority pursuant to GR 14.1(a). No. 84175-1-I, slip op. (Wash. Ct. App. Oct. 9, 2023) (unpublished) https://www.courts.wa.gov/opinions/pdf/841751.pdf. His reliance is unavailing. There, we affirmed the court's sentence where the court evaluated "the work [the defendant] had undertaken to change his life while incarcerated" but nevertheless imposed "the same term of incarceration as previously ordered." *Martin*, slip op at 13.

More critically, we expressly rejected the notion brought by the appellant therein that the simple fact that the sentencing court did not impose the term that Martin requested established that the court failed to consider the information presented regarding rehabilitation. *Id.* Furthermore, as explained herein, the resentencing court in this matter evaluated Barker's rehabilitative efforts and imposed a *lesser* term of incarceration. Thus, his reliance on *Martin* fails.

plea agreement that conditions the court's discretionary ordering of chemical dependency treatment in part on whether "the judge finds that [he has] a chemical dependency that has contributed to the offense." (Boldface omitted.) However, Barker does not establish that this provision of his plea agreement subjected him to chemical dependency treatment, nor does he provide any citation to the record that the court made, or did not make, such a finding, or that the court exercised its discretion and imposed such a condition. Moreover, the record itself does not reflect that such a finding was made or that such a condition was imposed. Thus, his fourth challenge also fails.

Therefore, none of the additional grounds presented by Barker establish an entitlement to appellate relief. Accordingly, his appeal must be dismissed.

_____

WE CONCUR:

_____    _____
Chung, J.                           Mann, J.

- 11 -